## McCORMICK HARVESTING MACHINE COMPANY
### *v.* WALTHERS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF NEBRASKA.

No. 1402. Submitted January 27, 1890. — Decided March 3, 1890.

When the jurisdiction of a Circuit Court of the United States is founded upon any of the causes specially mentioned in section 1 of the act of March 3, 1887, as amended by the act of August 13, 1888, 25 Stat. 433, c. 866, (except the citizenship of the parties,) the action must be brought in the district of which the defendant is an inhabitant; but where the jurisdiction is founded solely upon the fact that the parties are citizens of different States, the suit may be brought in the district in which either the plaintiff or the defendant resides.

MOTION TO DISMISS OR AFFIRM.    The case is stated in the opinion.

*Mr. N. S. Harwood* and *Mr. John H. Ames* for the motion.

*Mr. Walter J. Lamb, Mr. Arnott C. Ricketts* and *Mr. Henry H. Wilson* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Walthers brought his action on the 21st day of July, 1887, in the Circuit Court of the United States for the District of Nebraska, against The McCormick Harvesting Machine Company, alleging that he was a citizen and resident of the State of Nebraska, and that the defendant was a corporation duly incorporated and existing under the laws of the State of Illinois, " but having a local habitation and managing agent in Nebraska," for falsely and maliciously, and without probable or reasonable cause, suing out two attachments against him, and placed his damages at $10,500, for which he asked judgment and costs. The defendant answered, justifying the issuing of the writs of attachment and denying any liability by reason thereof; and also pleaded in set-off and counter-claim two judgments

against Walthers, one for $957.93 and $28 costs, and one for $2894.01 and $26 costs, both bearing interest at ten per centum per annum from June, 1887; and prayed judgment against the plaintiff for said several sums and for interest and costs. Subsequently leave was granted to the McCormick Company to withdraw its answer and to file a plea, which averred "that now and at the commencement of this action the said Charles W Walthers was a citizen and inhabitant of the State of Nebraska, and this defendant was a corporation duly organized under the laws of the State of Illinois, and was and is a citizen, resident and inhabitant of the State of Illinois, and was not and is not a citizen, resident or inhabitant of the State or District of Nebraska; that a summons in this action was served on this defendant's agent in the State of Nebraska, where this defendant has an office, said agent being only its local managing agent for its business in Nebraska; and this defendant says that this action was brought since the 15th day of March, 1887; and this defendant says that it is not subject to be sued or to be summoned by original process out of this court in this cause in this judicial district;" and defendant prayed judgment that the action might be abated.

This plea was upon hearing overruled, and the defendant ruled to answer in thirty days, and plaintiff to reply in forty-five days, and a reply in general denial of the answer was filed, the answer being treated as if still a pending pleading. The case came on for trial and resulted in a verdict for the plaintiff, assessing his damages in the sum of $1338.57, upon which judgment was entered. A motion for a new trial was made and denied, and a writ of error sued out from this court, which the defendant in error now moves to dismiss, uniting with that motion a motion to affirm.

No bill of exceptions was taken, and the denial of the jurisdiction of the Circuit Court is the only question which can be raised upon the record. And this has no relation to the mode of service. The defendant was a foreign corporation, and the statute of Nebraska provided that " when the defendant is a foreign corporation, having a managing agent in this State, the service may be upon such agent." Code Civ. Proc. Ne-

braska, 75; Comp. Stats. Neb. 1881, 539; 1885, 637. The plea admits service upon the company's local managing agent, and as the defendant entered full appearance and answer, and, after the withdrawal of the answer and the filing of the plea and its disposition, went to trial on the merits upon issue joined on that answer, the objection to the jurisdiction, if it can be urged at all, must be confined to want of power to entertain the suit outside of defendant's own district.

By section 1 of the act of March 3, 1887, 24 Stat. 552, c. 373, as corrected by the act of August 13, 1888, 25 Stat. 433, c. 866, to amend the act of March 3, 1875, determining the jurisdiction of the Circuit Courts of the United States, and regulating the removal of causes from the state courts and for other purposes, it was provided: "But no person shall be arrested in one district for trial in another in any civil action before a circuit or district court; and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." The jurisdiction common to all the Circuit Courts of the United States in respect to the subject matter of the suit and the character of the parties who might sustain suits in those courts, is described in the section, while the foregoing clause relates to the district in which a suit may be originally brought. Where the jurisdiction is founded upon any of the causes mentioned in this section, except the citizenship of the parties, it must be brought in the district of which the defendant is an inhabitant; but where the jurisdiction is founded solely upon the fact that the parties are citizens of different states, the suit may be brought in the district in which either the plaintiff or the defendant resides. "The concluding lines," said Mr. Justice Field in *Wilson* v. *Western Union Telegraph Co.*, 34 Fed. Rep. 561, "are to be read as a proviso to the general provision that no civil suit shall be brought except in the district whereof the defendant is an inhabitant." This conclusion was reached

and announced by many of the Circuit Courts, and there can be no doubt of its correctness. *Fales* v. *Chicago, Milwaukee &c. Railway*, 32 Fed. Rep. 673; *St. Louis &c. Railroad* v. *Terre Haute &c. Railroad*, 33 Fed. Rep. 385; *Loomis* v. *N. Y. & Cleveland Gas Co.*, 33 Fed. Rep. 353; *Gavin* v. *Vance*, 33 Fed. Rep. 84; *Swayne* v. *Boylston Insurance Co.*, 35 Fed. Rep. 1.

The judiciary act of 1789 provided that no civil suit should be brought before the Circuit or District Courts against an inhabitant of the United States by any original process in any other district than that whereof he was an inhabitant or in which he should be found at the time of serving the writ, 1 Stat. 79, c. 20, § 12, and the act of 1875, 18 Stat. 470, c. 137, § 1, contained a similar provision. This liability of the defendant to be sued in a district where he might be found at the time of serving process was omitted in the act of 1887, but he still remained liable to suit in the district of the residence of the plaintiff as well as in his own district; and as he could not be sued anywhere else, we held in *Smith* v. *Lyon*, 133 U. S. 315, that where there were two plaintiffs, citizens of different States, the defendant, being a citizen of another State, could not be sued in the State of either of the plaintiffs. Mr. Justice Miller points out, in delivering the opinion of the court, that the evident purpose of Congress in the act of 1887 was to restrict rather than enlarge the jurisdiction of the Circuit Court, "while," he says, "at the same time a suit is permitted to be brought in any district where either plaintiff or defendant resides."

The defendant answered to the merits in this case, and was then permitted to file the plea in question for the purpose of insisting that it was not subject to suit in a United States court in the district of the plaintiff's residence. Upon the overruling of this plea, the cause proceeded to trial on the merits upon the issues made up on the complaint, answer and replication, the trial continuing for several days, both parties appearing by their attorneys, adducing testimony, and arguing the case to the jury. Under these circumstances, there being no question whatever presented by the record, except whether the

Opinion of the Court.

defendant was liable to be sued in the Circuit Court of the United States for the District of Nebraska, and it being clear that it was, and there being color for the motion to dismiss, we sustain the motion to affirm, as we do not need further argument on that question.

*Judgment affirmed.*