## HOOVER & ALLEN CO. v. COLUMBIA STRAW-PAPER CO.

(Circuit Court, S. D. Ohio, W. D. July 22, 1895.)

No. 4,801.

1. CIRCUIT COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.

Where an action commenced in a state court by attachment of property of the defendant exceeding in value $2,000, upon a claim of less than $2,000, is removed into the circuit court by a receiver of the defendant's property, who has been made a party because he claims the exclusive possession of the attached property, the amount in controversy, so far as it relates to the receiver's right to remove the cause, is the value of the property attached.

2. SAME—PROPER DISTRICT—WAIVER.

The objection that a suit in the circuit court, when the jurisdiction depends upon the citizenship of the parties, is not brought in the district where either the plaintiff or the defendant resides, is waived by a general appearance or pleading to the merits; and the court can proceed to hear and determine the cause.

Little & Spencer, for plaintiff.
Kittredge, Wilby & Simmons, for defendant.

SAGE, District Judge. Motion to remand overruled for the following reasons:

First. Although the plaintiff's claim, upon which the attachment was issued from the state court, is for less than $2,000, the removing defendant, George P. Jones, receiver of the defendant company, was made a defendant in the state court upon supplemental petition, on the ground that by virtue of his receivership he claimed an interest in the property attached, and in the controversy pertaining thereto, adverse to the plaintiff. The claim of the receiver is that he is entitled to the exclusive possession and control of the attached property. He has no interest whatever in the matter of the claim of the plaintiff against the defendant company, and is not authorized to represent that company in that behalf. The value of the attached property far exceeds $2,000, according to the appraisement made, in pursuance of the statute, when the attachment was levied. The value is to govern in determining the amount in controversy so far as it relates to the right of the receiver to remove the case to this court. Lehigh Zinc & Iron Co. v. New Jersey Zinc & Iron Co., 43 Fed. 545. In that case a bill was filed to quiet title, and it was held that, for the purpose of determining the jurisdictional amount, the whole value of the property, the possession and enjoyment of which was threatened by defendant, was the measure of the value of the matters in controversy.

Second. It was further objected that the circuit court of the United States at Chicago, which appointed the receiver, had no jurisdiction in the case, for the reason that the original bill shows that the Northern Trust Company is and was a citizen of the state of Illinois, and Ovid B. Jamison is and was a citizen of the state of Indiana. These two are the plaintiffs; and the defendant, the Columbia Straw-Paper Company, is a corporation and citizen of the state of New Jersey. It is contended, under the doctrine of Smith v.

Lyon, 133 U. S. 315, 10 Sup. Ct. 303, cited with approval in Harvesting Mach. Co. v. Walthers, 134 U. S. 44, 10 Sup. Ct. 485, that the court had no jurisdiction, and, having no jurisdiction, it had no power to appoint a receiver. The receiver's action, therefore, it is urged, is void. The rule in the cases cited is based upon the first section of the act of Congress of March 3, 1887, as amended by the act of August 13, 1888 (25 Stat. 433) c. 866, to amend the act of March 3, 1875, to determine the jurisdiction of circuit courts of the United States, and to regulate the removal of causes from state courts, and for other purposes. The court in Smith v. Lyon refers to the first section of the act, which provides that no person shall be sued in any other district than that whereof he is an inhabitant, "but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." In that case one of the plaintiffs was a citizen of the state of Missouri, where the suit was brought, the defendant was a citizen of the state of Texas, and another plaintiff was a citizen of the state of Arkansas. The court said that the suit, so far as the last plaintiff was concerned, was not brought in the state of which he was a citizen, and that the statute made no provision in terms for the case of two defendants or two plaintiffs who were citizens of different states, and that in that case, there being two plaintiffs, citizens of different states, there did not seem to be, in the language of the statute, any provision that both plaintiffs might unite in one suit in a state of which either of them was a citizen. In that case the defendant filed a plea to the jurisdiction of the court, appearing specially for that purpose alone. In the case at Chicago, the appearance of the defendant company was general, and no objection to the jurisdiction has been made. It has been repeatedly held that the provision that suit shall be brought only in the district of the residence of either the plaintiff or the defendant, where the jurisdiction is founded only on the fact that the parties are citizens of different states, merely confers upon the defendant a personal privilege of exemption, which may be waived by a general appearance, or by pleading to the merits of the action; and that an objection to the jurisdiction on this ground, made for the first time by motion in arrest of judgment, is too late. Express Co. v. Todd, 5 C. C. A. 432, 56 Fed. 104. In that case the court said that no authority had been cited "where any federal court has dismissed an action on the sole ground that it was brought in the wrong district, after the defendant had appeared generally, or pleaded to the merits, without first objecting that the action was not brought in the district of the residence of either of the parties to the action. This objection relates, not to the jurisdiction of the court, but to the personal privilege or exemption of the defendant. Where he makes the objection seasonably, before appearing generally, or pleading to the merits of the action, his privilege is inviolate, and the action against him cannot be maintained in that court." The court proceeded to say that the defendant had the option to waive his privilege, and consent to be sued and to try his case in the

wrong district, and that a general appearance or a plea to the merits without first claiming the privilege was such a waiver. After that it was too late to make the objection. Where the objection is to the jurisdiction over the subject-matter of the litigation, it may be made at any time; but where it is to the jurisdiction over the person of the plaintiff or defendant—provided they are citizens of different states, and citizenship is the assumed ground of jurisdiction— it may be waived, and is waived by a general appearance without having made the objection.

But, even if the circuit court of the United States for the Northern district of Illinois had no jurisdiction in the original case, that fact would not help the motion, because the bill filed in this court, although filed as an ancillary bill, would be permitted to stand as an original bill if that were necessary to support the jurisdiction. Neither of the plaintiffs is a resident of this district, nor is the defendant, the Columbia Straw-Paper Company; but the defendant has not objected to the jurisdiction, and does not object, and, on the other hand, has appeared generally, and thereby waived all objections. The motion to remand will be overruled.