## MILLER v. PENNSYLVANIA R. CO.

(Circuit Court, D. New Jersey. January 11, 1899.)

JURISDICTION OF FEDERAL COURTS—DISTRICT OF PLAINTIFF'S RESIDENCE—SUFFICIENCY OF ALLEGATION.

Where the only ground of jurisdiction of a federal court is the diversity of citizenship of the parties, and it is shown that the defendant is a citizen and resident of another state, under the judiciary act of 1888 it must appear from the declaration, not only that the plaintiff is a citizen of the state, but that he is a resident of the district, in which the suit is brought.

On Demurrer to the Declaration.

Erwin E. Marshall, for plaintiff.
Alan H. Strong, for defendant.

KIRKPATRICK, District Judge. The court is asked to take jurisdiction in this case solely upon the ground of the diverse citizenship of the parties. The defendant is a corporation organized under the laws of the state of Pennsylvania, and has its principal office in that state. For the purposes of this suit, it may be regarded as a citizen and resident of that state. The plaintiff is described in the declaration merely as a citizen of the state of New Jersey. Act 1888, c. 866, provides: "Where jurisdiction is founded only on the fact that action is only between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or defendant."

The supreme court, in Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, held this statute to be a restriction on taking away the privilege of bringing suit against defendant in any district where he might be found at the time of service of process, and substituting permission to bring suit in any district where either the plaintiff or defendant resides.    In Machine Co. v. Walthers, 134 U. S. 41, 43, 10 Sup. Ct. 487, the same court, in construing this portion of the statute, say: "But where jurisdiction is founded solely upon the fact that the parties are citizens of different states, the suit may be brought in the district in which either the plaintiff or defendant resides."    So, too, in Shaw v. Mining Co., 145 U. S. 444, 449, 12 Sup. Ct. 937, the court, in giving interpretation of the same clause of the statute, states its effect to be a restriction on the "jurisdiction of the courts of the district in which one of the parties resides, within the state of which he is a citizen." It is apparent that one may be a resident of a state of which he is not a citizen, and in like manner he may be a citizen of a state of which he is not a resident.    To give this court jurisdiction in this cause, it should appear that the plaintiff is not only a citizen of the state of New Jersey, but a resident of the district of New Jersey.    The declaration does not contain these necessary averments.    Judgment will therefore be for the defendant on the demurrer.