WHITTAKER v. ILLINOIS CENT. R. CO.

(Circuit Court, E. D. Louisiana.  January 24, 1910.)

No. 13,755.

1. MASTER AND SERVANT (§ 250*)—FEDERAL EMPLOYER'S LIABILITY ACT—
SCOPE AND EFFECT.

    Where the petition of an employé in an action against a railroad com-
pany to recover for a personal injury alleges facts which bring the case
within the federal employer's liability act (Act April 22, 1908, c. 149, 35
Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]), it is governed by such
act, whether specifically declared on or not, at least in the federal courts.

    [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 250.*]

2. COURTS (§ 270*)—FEDERAL COURTS—DISTRICT OF SUIT.

    Where an action is within the general jurisdiction of the federal
courts, both on the ground of diversity of citizenship and because founded
on a law of the United States, such action can be brought only in the
district of which defendant is an inhabitant, under the judiciary act (Act
March 3, 1887, c. 373, § 1, 24 Stat. 552, as amended by Act Aug. 13, 1888,
c. 866, § 1, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]), which authorizes
the bringing of a suit in the district of the residence of either the plain-
tiff or defendant when jurisdiction is founded "only" on diversity of
citizenship.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 810; Dec. Dig. §
270.*]

Action by Walter W. Whittaker against the Illinois Central Rail-
road Company.  On motion to dismiss.  Motion sustained.

Armand Romain, for plaintiff.
Gustave Lemle, for defendant.

FOSTER, District Judge.  This is an action for damages for per-
sonal injury, and a motion is made to dismiss for want of jurisdic-
tion—or, more properly speaking, venue—in this court.  Plaintiff is
a citizen of Louisiana and defendant is a corporation organized under
the laws of Illinois, having its principal office at Chicago.

Defendant contends that plaintiff's right to enter the federal court
is twofold:  First, because of diversity of citizenship; second, because
his right of action is founded on a law of the United States, to wit,
Act Cong. April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp.
1909, p. 1171), known as the federal "Employer's Liability Act," and
therefore suit can be brought only at the domicile of the defendant.

The identical question, based on analogous facts, was recently de-
cided by Judge Maxey in the case of Cound v. Atchison, Topeka &
Santa Fé Ry., 173 Fed. 527, in the Circuit Court for the Western Dis-
trict of Texas.  In the logical and convincing opinion of Judge Maxey
the question is argued at length, and little is left to be said on the
subject.  Jurisdiction seems to depend on the construction to be given
the word "only" in the clause of Act March 3, 1887, c. 373, § 1, 24
Stat. 552, as amended by Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433
(U. S. Comp. St. 1901, p. 508), which is as follows:

    "But no person shall be arrested in one district for trial in another in any
civil action before a Circuit or District Court; and no civil suit shall be
brought before either of said courts against any person by any original pro-

cess or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

It is urged by counsel for plaintiff, in his painstaking and forceful brief, that Judge Maxey's construction of the word "only" is too narrow; but, without reference to the lexicographers, the word has a plain, ordinary, common-sense meaning equivalent to "solely," and so interpreted there can be no doubt, if plaintiff's cause of action is based on Act April 22, 1908, there is no jurisdiction, or rather venue, in this court. Furthermore, the question cannot be considered open. See McCormick v. Walthers, 134 U. S. 41, 10 Sup. Ct. 485, 33 L. Ed. 833.

Plaintiff's petition alleges, substantially, that defendant is engaged in the railroad business as a common carrier in interstate commerce; that plaintiff was employed by defendant, and while in the actual discharge of his duties and employed in such commerce he was injured through the negligence of defendant. He specifies that his injury was caused by the incompetence and negligent acts of a certain track crew also employed by defendant, and by the defective condition of defendant's engine, because certain brake beams and shoes were missing.

Plaintiff contends and ingeniously argues that the only allegation of his petition under which his cause of action might be construed to be based on the federal statutes is the one showing defendant to be engaged in interstate commerce; that for the purpose of passing on the exception this allegation should be treated as surplusage, and not considered; that if this is done he still has his action under the state law, and, jurisdiction being then based on diversity of citizenship only, the venue would lie in this district.

I cannot agree with this theory. Conceding the act of Congress to be constitutional, in the courts of the United States, at least, it is superior to and supersedes any state law or jurisprudence on the same subject. It is well settled that plaintiff need not base his cause of action on the federal statute specifically. If his petition alleges facts which bring the case within the purview of that law it is enough. That it does so is, to my mind, clear. Undoubtedly there is also jurisdiction by diversity of citizenship, and the defendant's domicile is not in this district.

These views, if correct, demonstrate that the suit is cognizable in the Circuit Court on two distinct grounds of jurisdiction, therefore not "only" because of diversity of citizenship, and must be brought in the district of which the defendant is a resident.

It may be that the most convenient place of trial, for defendant as well as plaintiff, is in this district, where the accident occurred. However, defendant has not seen fit to waive its rights, as it might have done, and, on the contrary, insists on trial at its domicile.

No doubt it will be a hardship on plaintiff to be required to transport his witnesses to the domicile of defendant, or submit to the alternative of taking their testimony out of the hearing of the jury; but I can only enforce the law as I understand it.

The exception of defendant will be maintained, and the suit dismissed.