CITY OF MEMPHIS, TENN., v. BOARD OF DIRECTORS OF ST. FRANCIS LEVEE DIST. et al.

(District Court, W. D. Tennessee, W. D. January 15, 1916.)

COURTS ⬅270—UNITED STATES COURTS—DISTRICT IN WHICH SUIT MUST BE BROUGHT—"ONLY."

Judicial Code (Act March 3, 1911, c. 231), § 51, 36 Stat. 1101 (Comp. St. 1913, § 1033) provides that with certain exceptions no civil suit shall be brought against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but that, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or defendant. *Held* that, where a cause of action arising under the Constitution and laws of the United States is alleged, an allegation of diversity of citizenship does not permit the bringing of the action in a district other than that of defendant's residence, as the exception to the rule that actions must be brought in the district of defendant's residence is restricted to cases where the jurisdiction is founded "only" on diversity of citizenship, and "only" means alone; of or by itself; without anything more; or exclusive.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 810; Dec. Dig. ⬅270.

For other definitions, see Words and Phrases, First and Second Series, Only.]

At Law. Action by the City of Memphis, Tenn., against the Board of Directors of St. Francis Levee District and others. On plea in abatement by the defendant named. Plea held sufficient, and case dismissed, as to such defendant.

Barnette E. Moses and Charles M. Bryan, both of Memphis, Tenn., for plaintiff.

Allen Hughes and J. W. Canada, both of Memphis, Tenn., for defendants.

McCALL, District Judge. This case is now before me upon the plea in abatement of the board of directors of the St. Francis levee

district. Among other things, it is averred that said levee board is a corporation, created under the laws of the state of Arkansas; that it is a citizen of that state, and is not subject to be sued in the state of Tennessee, or in any other state except the state of Arkansas, and in the district whereof it is an inhabitant; and that this court has no jurisdiction in the premises. Whether this court has jurisdiction, provided there has been a proper service (which is now assumed, but not decided), depends upon the jurisdictional facts alleged.

An examination of the declaration discloses that there are two jurisdictional grounds relied upon, to wit: First, a diversity of citizenship; second, that the cause of action arises under the Constitution and laws of the United States. That the requisite diversity of citizenship exists is admitted. This would ordinarily give a federal court jurisdiction, in a case where the requisite amount was involved; but, as has been seen, there is coupled with it the further jurisdictional fact that the action arises under the Constitution and laws of the United States.

It is insisted by the defendant the levee board that it cannot be sued outside of the state of Arkansas, and the district whereof it is an inhabitant, without its consent, except in a case wherein the jurisdiction is founded *only* on the fact that the action is between citizens of different states. The question presented is: Has a federal court jurisdiction in a case, brought in a district other than that whereof the defendant is an inhabitant, where it appears that jurisdiction is not founded *only* on diversity of citizenship?

Section 51 of the federal Judicial Code provides that, excepting the six succeeding sections thereto (which are not material here):

"No civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

The defendant relies upon In re Keasbey & Mattison Co., 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402. In that case the same jurisdictional grounds were alleged as are here, to wit, diversity of citizenship and an action arising under the laws of the United States. Although that was a suit between citizens of different states, it appears that it was between a citizen of one state against a citizen of a second state, brought in a federal court of a third state. The objection being raised in limine to the jurisdiction, for want of requisite diversity of citizenship, and also because the defendant could not be sued outside the district whereof it was an inhabitant, it was held that the court was without jurisdiction—as to the first ground, under the well-settled rule (Interior Construction Co. v. Gibney, 160 U. S. 217, 16 Sup. Ct. 272, 40 L. Ed. 401) that a federal court of one state is without jurisdiction in a case, wherein both the plaintiff and the defendant are citizens of different states, but neither a citizen of the state wherein the suit was brought, when the question of jurisdiction is seasonably raised; as to the second ground, by virtue of section 1 of the act

of August 13, 1888 (18 Stat. 470, c. 866), now section 51 of the Judicial Code.

In discussing the Keasbey Case, supra, after quoting from section 1 of the act of August 13, 1888, the court said:

"The last clause is added by way of proviso to the next preceding clause, which, in its present form, forbids any suit to be brought in any other district than that of which the defendant is an inhabitant; and the effect is that, in every suit between citizens of the United States, when the jurisdiction is founded upon any of the grounds mentioned in this section, other than the citizenship of the parties, it must be brought in the district of which the defendant is an inhabitant. * * * And it is established by the decisions of this court that, within the meaning of this act, a corporation cannot be considered a citizen, an inhabitant, or a resident of a state in which it has not been incorporated, and, consequently, that a corporation incorporated in a state of the Union cannot be compelled to answer to a civil suit, at law or in equity, in a Circuit Court of the United States held in another state, even if the corporation has a usual place of business in that state. McCormick Co. v. Walthers, 134 U. S. 41, 43 [10 Sup. Ct. 485, 33 L. Ed. 833]; Shaw v. Quincy Mining Co., 145 U. S. 444 [12 Sup. Ct. 935, 36 L. Ed. 768]; Southern Pacific Co. v. Denton, 146 U. S. 202 [13 Sup. Ct. 44, 36 L. Ed. 942]. Those cases, it is true, were of the class in which the jurisdiction is founded only upon the fact that the parties are citizens or corporations of different states. But the reasoning on which they proceeded is equally applicable to the other class, mentioned in the same section, of suits arising under the Constitution, laws, or treaties of the United States; and the only difference is that, by the very terms of the statute, a suit of this class is to be brought in the district of which the defendant is an inhabitant, and cannot, without the consent of the defendant, be brought in any other district, even in one of which the plaintiff is an inhabitant. * * * The suit comes within the terms of that act, both as arising under a law of the United States, and as being between citizens of different states. In either aspect, by the provisions of the same act, the defendant cannot be compelled to answer in a district of which neither the defendant nor the plaintiff is an inhabitant."

Thus it appears that the Keasbey Case is not on all fours with the case at bar. None such were cited by counsel, nor have we been able to find an adjudication of the precise question here considered.

Treating the last clause of section 51 of the Judicial Code, which provides that, "where the jurisdiction is founded *only* on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant," as a proviso to the next preceding clause, as we must under the Keasbey Case, supra, it would seem to make an exception to the class of cases which must be brought in the district whereof the defendant is an inhabitant. That exception is restricted to cases where the jurisdiction is founded *only* on the requisite diversity of citizenship.

Congress had some purpose in using the word "only" in the last clause of said section 51. It is reasonably clear to my mind that it was to restrict bringing suits in the United States court to the district whereof the defendant was an inhabitant, with the one exception mentioned in the section. If this purpose is to be carried out, the word "only" in said last clause must be construed, as we think, synonymous with the word "alone"—that is, "of or by itself," "without anything more," "exclusive"; and, so considered, it would seem that, when it is sought to found jurisdiction on diversity of

citizenship and also upon another jurisdictional fact, the case would not fall within the exception made in the last clause of said section.

One of the causes of action alleged in this case is that the levee board has deprived the plaintiff of a right guaranteed to it by the Constitution of the United States. This allegation would give a federal court jurisdiction, if the action were brought in the district whereof the defendant is an inhabitant, or in the district whereof the plaintiff is an inhabitant, with the consent of the defendant.

The diversity of citizenship alleged is not a cause of action, but is the allegation on which it is sought to invoke the jurisdiction of the court, and thus to compel the levee board to answer in a district other than the one of which it is an inhabitant. Such a course, if permitted, would result in nullifying, or at least evading, the plain provisions of section 51 of the Judicial Code. Hence we think a federal court, in a state or district whereof a defendant is not an inhabitant, is without jurisdiction in a case wherein two grounds of jurisdiction are alleged, one of which is a diversity of citizenship, if the objection is seasonably made.

It follows that the plea in abatement of the levee board, in so far as it is based upon the ground now under consideration, is held to be sufficient, and the court is without jurisdiction. An order will be entered dismissing the case as to the levee board, with costs.