### CLARK v. DOHERTY.

District Court, E. D. Michigan. S. D. June 3, 1929.

No. 3388.

James Metzenbaum, of Cleveland, Ohio, for plaintiff.

Groesbeck, Sempliner & Kelly, of Detroit, Mich., for defendant.

SIMONS, District Judge. This is a motion by the defendant in this cause to dismiss the bill of complaint filed herein, on the ground that such bill fails to show that this court has jurisdiction over such defendant.

The bill alleges that "plaintiff, John R. Clark, is a bona fide resident and citizen of the city of Lakewood, Cuyahoga county, state of Ohio; that the defendant, Henry L. Doherty, does now and at all the times herein mentioned did conduct a business under the firm name of Henry L. Doherty & Co., for the purpose of the sale of securities, and that the defendant is a citizen of the state of New York, and is now a resident in care of Dr. Kellog's Battle Creek Sanitarium, Battle Creek, Mich." That is the only allegation of the bill which refers or relates to the citizenship or residence of either of the parties hereto, or which purports to show any jurisdictional basis for the maintenance of this suit in this court.

The defendant, appearing specially for that purpose only, moves for the dismissal of the bill for the reason that the bill "does not, on its face, show that this court has jurisdiction of the parties thereto," and that it appears from such bill that neither the plaintiff nor the defendant is a citizen of Michigan and a resident of the Eastern district of Michigan, and that therefore this court is without jurisdiction of the defendant.

Section 112(a) of title 28 of the United States Code, 28 USCA § 112(a), formerly section 51 of the Judicial Code, provides that, except in certain cases not material here, "no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

It being, of course, an elementary rule in the federal courts that a plaintiff in a suit therein must affirmatively show that the court has jurisdiction in such suit, it is apparent, from the pleadings already mentioned, that the sole question here presented is whether

the language of the bill to which reference has hereinbefore been made sufficiently alleges that the Eastern district of Michigan is the district of the "residence" of the defendant, within the meaning of the applicable statutory provision just quoted.

In the leading case of Shaw v. Quincy Mining Co., 145 U. S. 444, 12 S. Ct. 935, 36 L. Ed. 768, the United States Supreme Court considered and construed, at length, this statute, then known as the Act of March 3, 1887 (24 Stat. 552), as corrected by the Act of August 13, 1888 (25 Stat. 434). In that case, a citizen of Massachusetts brought suit, in the federal District Court for the District of Southern New York, against a corporation organized under the laws of Michigan, but having a usual place of business in the said district, on the ground of diversity of citizenship. The Supreme Court held that the District Court had no jurisdiction over the defendant corporation, for the reason that the domicile of neither of the parties to the suit was in the district where such suit was brought, the domicile of the defendant corporation being in the state of Michigan, where it had been incorporated, notwithstanding its presence in New York for the purpose of doing business, and that the word "residence," in the statute there, as here, involved, was used by Congress in the sense of "domicile." The court took occasion to discuss the history, purpose, and meaning of this statute so fully, and in such manner, as to clearly indicate its opinion as to the proper judicial construction to be given to said statute in a case such as is now before this court. In the course of its opinion in that case, the Supreme Court said:

"In carrying out the provision of the Constitution which declares that the judicial power of the United States shall extend to controversies 'between citizens of different states,' Congress, by the Judiciary Act of September 24, 1789, c. 20, § 11, conferred jurisdiction on the Circuit Court of suits of a civil nature, at common law or in equity, 'between a citizen of the state where the suit is brought and a citizen of another state,' and provided that 'no civil suit shall be brought' 'against an inhabitant of the United States,' 'in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ.' 1 Stat. 78, 79.

"The word 'inhabitant,' in that act, was apparently used, not in any larger meaning than 'citizen,' but to avoid the incongruity of speaking of a citizen of anything less than a state, when the intention was to cover, not only a district which included a whole state, but also two districts in one state. * * *

"By the Act of May 4, 1858, c. 27, § 1, it was enacted that, in a state containing more than one district, actions not local should 'be brought in the district in which the defendant resides,' or 'if there be two or more defendants residing in different districts in the same state,' then in either district. 11 Stat. 272. The whole purport and effect of that act was not to enlarge, but to restrict and distribute, jurisdiction. It applied only to a state containing two or more districts, and directed suits against citizens of such a state to be brought in that district thereof in which they or either of them resided. It did not subject defendants to any new liability to be sued out of the state of which they were citizens, but simply prescribed in which district of that state they might be sued. These provisions of the acts of 1789 and 1858 were substantially re-enacted in sections 739 and 740 of the Revised Statutes.

"The Act of March 3, 1875, c. 137, § 1, after giving the circuit courts jurisdiction of suits 'in which there shall be a controversy between citizens of different states,' and enlarging their jurisdiction in other respects, substantially re-enacted the corresponding provision of the act of 1789, by providing that no civil suit should be brought 'against any person' 'in any other district than that whereof he is an inhabitant or in which he shall be found' at the time of service, with certain exceptions not affecting the matter now under consideration. 18 Stat. 470.

"The act of 1887, both in its original form, and as corrected in 1888, re-enacts the rule that no civil suit shall be brought against any person in any other district than that whereof he is an inhabitant, but omits the clause allowing a defendant to be sued in the district where he is found, and adds this clause: 'but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant.' 24 Stat. 552; 25 Stat. 434. As has been adjudged by this court, the last clause is by way of proviso to the next preceding clause, which forbids any suit to be brought in any other district than that whereof the defendant is an inhabitant; and the effect is that 'where the jurisdiction is founded upon any of the causes mentioned in this section, except the citizenship of the parties, it must be brought in the district of which the defendant is an inhabitant; but where the jurisdiction is founded solely upon the fact that

the parties are citizens of different states, the suit may be brought in the district in which either the plaintiff or the defendant resides.' McCormick Harvesting Mach. Co. v. Walthers, 134 U. S. 41, 43 [10 S. Ct. 485, 33 L. Ed. 833]. And the general object of this act, as appears upon its face, and as has been often declared by this court, is to contract, not to enlarge, the jurisdiction of the Circuit Courts of the United States. Smith v. Lyon, 133 U. S. 315, 320 [10 S. Ct. 303, 33 L. Ed. 635]; In re Pennsylvania Co., 137 U. S. 451, 454 [11 S. Ct. 141, 34 L. Ed. 738]; Fisk v. Henarie, 142 U. S. 459, 467 [12 S. Ct. 207, 35 L. Ed. 1080].

"As to natural persons, therefore, it cannot be doubted that the effect of this act, read in the light of earlier acts upon the same subject, and of the judicial construction thereof, is that the phrase 'district of the residence of' a person is equivalent to 'district whereof he is an inhabitant,' and cannot be construed as giving jurisdiction, by reason of citizenship, to a circuit court held in a state of which neither party is a citizen, but on the contrary, restricts the jurisdiction to the district in which one of the parties resides within the state of which he is a citizen; and that this act, therefore, having taken away the alternative, permitted in the earlier acts of suing a person in the district 'in which he shall be found,' requires any suit, the jurisdiction of which is founded only on its being between citizens of different states, to be brought in the state of which one is a citizen, and in the district therein of which he is an inhabitant and resident."

After reaching the conclusion thus stated as to the applicable principle, the court then proceeded to apply such principle to a corporation and held that as the defendant corporation was a citizen of the state under whose laws it had been incorporated it could not be sued without its consent in a federal court in New York, of which neither it nor the plaintiff was a citizen. In view of the reasoning by which the decision in that case was reached, the language just quoted therefrom cannot be regarded as mere dictum, nor can such decision be limited to a case wherein a corporation is the party in question, but it is equally applicable to a case involving only natural persons as parties, such as that now before this court. To the same effect are United States v. Gronich (D. C.) 211 F. 548, and Gorman v. A. B. Leach & Co. (D. C.) 11 F.(2d) 454, in which it was pointed out that the words "citizen," "inhabitant," and "resident" contemplate the same condition as used in these jurisdictional statutes and all include the idea of "domicile."

As already noted, the bill of complaint in the present case expressly alleges that "the defendant is a citizen of the state of New York." This is, in effect, an allegation that the defendant is a citizen of the United States having his domicile in the state of New York. Gilbert v. David, 235 U. S. 561, 35 S. Ct. 164, 59 L. Ed. 360; Marks v. Marks (C. C.) 75 F. 321; Delaware, Lackawanna & Western Railroad Co. v. Petrowsky, 250 F. 554 (C. C. A. 2); Bjornquist v. Boston & Albany Railroad Co., 250 F. 929, 5 A. L. R. 951 (C. C. A. 1); Stockyards National Bank v. Bragg, 293 F. 879 (C. C. A. 8). Obviously, therefore, the defendant cannot be a citizen of Michigan nor have his domicile in this district. This, indeed, seems to have been recognized by the plaintiff by his reference, in the bill, to the defendant as "a resident in care of" the sanitarium mentioned therein, which is located in this district. It is clear, then, that the "residence" of the defendant, within the meaning of this controlling jurisdictional statute, is in the state of which he is a citizen, which, as the bill itself shows, is the state of New York. It thus appears from the face of the bill that the residence of neither the plaintiff nor the defendant is in the district where this suit, based on alleged diversity of citizenship, was brought.

This court, therefore, has no jurisdiction herein over the defendant, as against his challenge of such jurisdiction, and the bill must be dismissed. An order may be entered accordingly.