**CHESAPEAKE & OHIO RY. CO. v. MOORE.**
**No. 4779.**

Circuit Court of Appeals, Seventh Circuit.
March 16, 1933.

474

Albert H. Cole, of Peru, Ind., for appellant.

Chester L. Teeter and Lloyd Hartzler, both of Fort Wayne, Ind., for appellee.

Before EVANS and SPARKS, Circuit Judges, and WILKERSON, District Judge.

SPARKS, Circuit Judge (after stating the facts as above).

The first question presented for our consideration is one of jurisdiction. The first paragraph of complaint does not allege diversity of citizenship, but it alleges that the action is brought under and by virtue of an Act of Congress, approved April 22, 1908, which is known as the Federal Employers' Liability Act,[2] §§ 1, 3, and 4, c. 149, 35 Stat.

---

[2] Federal Employers' Liability Act.

45 USCA § 51. "Every common carrier by railroad while engaging in commerce between any of the several States * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce * * * for such injury * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

45 USCA § 53. "In all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this chapter to recover damages for personal injuries to an employee, * * * the fact that the employee

65, 66; 45 USCA §§ 51, 53, and 54; and also section 6 of that act as amended April 5, 1910, § 1, c. 143, 36 Stats. 291, 45 USCA § 56.

It is also alleged that the first paragraph is brought under and by virtue of an Act of Congress (approved March 2, 1893) known as the Federal Safety Appliance Act [3] (sections 2 and 8, c. 196, 27 Stats. 531 and 532 [45 USCA §§ 2 and 7]; and section 1, c. 976, 32 Stat. 943 [45 USCA § 8]), and the orders promulgated thereunder by the Interstate Commerce Commission (Order of March 13, 1911, Roberts' Federal Liabilities of Carriers, Vol. 2, pp. 2010, 2016).[4]

It will be observed that the Employers' Liability Act deals exclusively with acts of negligence, while the Safety Appliance Act is not based upon negligence of the employer, but it imposes a duty upon the employer with relation to car couplers, the violation of which

duty renders the employer liable to the employee for proximate damages arising therefrom, regardless of employer's negligence.

The jurisdiction and venue of causes of action brought under the Safety Appliance Act are governed by section 51 of the Judicial Code, 28 USCA § 112, and in so far as it applies to this action is as follows: " * * * No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

■ Diversity of citizenship not having been pleaded in the first paragraph, the cause of action therein stated, in so far as it relies upon a violation of the Safety Appliance Act as a basis, must be brought in the district of appellant's residence. McCormick Harvesting Machine Co. v. Walthers, 134 U. S. 41, 10 S. Ct. 485, 33 L. Ed. 833; In re Keasbey & Mattison Co., 160 U. S. 221, 16 S. Ct. 273, 40 L. Ed. 402; Whittaker v. Illinois Central R. Co. (C. C.) 176 F. 130; Steidle v. Reading Co. (C. C. A.) 24 F.(2d) 299.

Appellee, however, relies on amended section 6 of the Employers' Liability Act, 45 US CA § 56 (supra) to sustain the trial court's jurisdiction, which provides that actions under that Act may, in plaintiff's discretion, be brought in a District Court of the United States in the district of defendant's residence, or in which the defendant shall be doing business, or in which the cause of action arose.

■ ■ It was the duty of the trial court to determine the theory of the complaint. It did so, and instructed the jury that the first paragraph was based upon the Safety Appliance Act, and we think the court was right in this respect. Appellee alleged in this paragraph that the cause of action was brought under and by virtue of both acts, and also under the rules promulgated by the Interstate Commerce Commission under the Safety Appliance Act.

Regardless of what might have been the opinion of the court as to the theory of this paragraph when it overruled the plea in abatement, if indeed at that time it could have definitely determined the theory, its instruction to the jury in this respect was abundantly justified by the evidence, and was in no wise contrary to it; for every wrongful act complained of and supported by evidence, if true, constituted a violation of the Safety Ap-

---

may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee. * * *"

45 USCA § 54. "In any action brought against any common carrier under or by virtue of any of the provisions of this chapter to recover damages for injuries to * * * any of its employees, such employee shall not be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee."

45 USCA § 56. * * * Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. * * *"

[3] Safety Appliance Act.

45 USCA § 2. "It shall be unlawful for any common carrier engaged in interstate commerce by railroad to haul or permit to be hauled or used on its line any car used in moving interstate traffic not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars."

45 USCA § 7. "Any employee of any common carrier engaged in interstate commerce by railroad who may be injured by any locomotive, car, or train in use contrary to the provision of this chapter shall not be deemed thereby to have assumed the risk thereby occasioned, although continuing in the employment of such carrier after the unlawful use of such locomotive, car, or train had been brought to his knowledge."

45 USCA § 8. " * * * and the provisions and requirements relating to * * * automatic couplers * * * shall be held to apply to all trains, locomotives, tenders, cars, and similar vehicles used on any railroad engaged in interstate commerce, * * * and to all other locomotives, tenders, cars, and similar vehicles used in connection therewith * * *."

[4] "Handles of uncoupling-levers of the 'rocking' or 'push-down' type shall be not less than eighteen (18) inches from top of rail when lock-block has released knuckle, and a suitable stop shall be provided to prevent inside arm from flying up in case of breakage. Location: One (1) on each end of car. When single lever is used it shall be placed on left side of end of car." (Roberts' Federal Liabilities of Carriers, Append. 2, Vol. 2, pages 2010, 2016).

476

pliance Act or the rules of the Interstate Commerce Commission promulgated thereunder.

In support of its contention in this respect, appellee relies upon San Antonio & Aransas Pass Ry. Co. v. Wagner, 241 U. S. 476, 36 S. Ct. 626, 630, 60 L. Ed. 1110. The cause of action therein stated was based upon the Employers' Liability Act, and the evidence showed a failure to comply with the Safety Appliance Act with respect to a car coupler. It was there argued that in actions based upon the Employers' Liability Act the defendant could not be held liable without evidence of negligence. The court held that that Act and the Safety Appliance Act "are in *pari materia,* and where the Employers' Liability Act refers to 'any defect or insufficiency, *due to its negligence,* in its cars, engines, appliances,' etc., it clearly is the legislative intent to treat a violation of the Safety Appliance Act as 'negligence'—what is sometimes called negligence *per se.*" That case originated in the State of Texas and came to the Supreme Court of the United States by writ of error to the Supreme Court of that state ([Tex. Civ. App.] 166 S. W. 24). No question of venue or jurisdiction was raised, and we find in that opinion nothing inconsistent with our ruling in this case.

The second paragraph of complaint alleges diversity of citizenship, but does not allege that it is based on the Employers' Liability Act. It alleges that it is brought under and by virtue of the Federal Safety Appliance Acts and the rules of the Interstate Commerce Commission promulgated thereunder, and also under and by virtue of the statutes of Kentucky. Notwithstanding those allegations appellee now contends that this paragraph should not and cannot be construed to have been founded on the Safety Appliance Act, and that his reference to it in this paragraph was only "to supply the negligence, with certainty, required by the Kentucky Employers' Liability Act."

■ Assuming that the second paragraph is based exclusively upon the Kentucky Statutes, it then becomes quite clear that those statutes and the Safety Appliance Act cannot be considered *pari materia,* because the requirements of the latter act and the orders promulgated thereunder by the United States Interstate Commerce Commission, apply only to interstate commerce, while the second paragraph alleges that at the time of the injury both parties were engaged in intrastate commerce. If under this paragraph, as suggested by appellee, he be permitted thus "to

supply the negligence, with certainty, as required by the Kentucky Employers' Liability Act," this court would be thereby placed in the anomalous position of extending the benefits of the Safety Appliance Act to intrastate commerce.

■ We are convinced that appellee in his second paragraph attempted to state a cause of action under the Federal Safety Appliance Act as well as under the Statutes of Kentucky, and he alleged facts therein which, if true, constituted a ground for Federal jurisdiction other than diversity of citizenship. Indeed, the court instructed the jury that appellee could not recover unless violation of the Federal Safety Appliance Act had been proven. That being the case, jurisdiction and venue were in the district of appellant's residence and not in the Northern District of Indiana.

The judgment is reversed and the cause remanded with instructions to grant appellee permission to amend his first paragraph of complaint, if he so desires, to conform exclusively to the theory that the acts complained of constitute a violation of the Federal Employers' Liability Act, and to amend his second paragraph of complaint, if he so desires, to conform exclusively to the theory that the acts complained of constitute a violation of the Employers' Liability Act of the State of Kentucky, and for further proceedings not inconsistent with this opinion.