**MURPHREE v. MISSISSIPPI PUB. CORPORATION.**

No. 11254.

Circuit Court of Appeals, Fifth Circuit.

May 7, 1945.

Rufus Creekmore, H. H. Creekmore, and Weaver E. Gore, all of Jackson, Miss., for appellant.

W. H. Watkins, of Jackson, Miss., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

LEE, *Circuit Judge.*

Appellant, alleging himself to be a resident citizen of Calhoun County in the Northern District of Mississippi, brought this suit in the United States District Court for said district against the appellee, a Delaware corporation duly qualified to engage in business in Mississippi, to recover damages alleged to have resulted from a libel published editorially in a newspaper of the appellee in the city of Jackson in the Southern District of Mississippi. Process was served in the Southern District upon appellee's resident agent for process by the marshal for that district. Appellee moved to dismiss, alleging that the court had no jurisdiction over the subject matter or of the person of the defendant; that the venue was improperly laid; that the process was void under the law; and that the attempted service was insufficient.

The motion was tried on affidavits from which the court below found that appellant was a resident citizen of the Northern District of Mississippi; that the appellee was engaged in business in the Southern District of Mississippi, with its only office there, and, in obedience to the laws of Mississippi, had designated an agent for service of process who resided in the city of Jackson; that the cause of action alleged arose there; and that process on appellee was served in the Southern District by virtue of Section (f) of Rule 4 of the Rules of Civil Procedure 28 U.S.C.A. following section 723c. Thereupon, the court below, interpreting the opinion in the Neirbo case[1] to mean that for purposes of jurisdiction the Supreme Court will still recognize the legal fiction of citizenship of a corporation in the state of its incorporation, but for purposes of venue it would adopt the practical and realistic view that such a corporation is domiciled in any district where it does business and has in accordance with the mandate of the state law appointed an agent for the service of process, concluded: "* * * it follows that under Section #113 of the Judicial Code, the defendant in this case, is in that limited sense, an inhabitant of the State of Mississippi, and entitled to be sued in the District of the State where it resides"; held "that there is not proper venue in the Northern District of Mississippi"; and dismissed the suit, without prejudice, for want of venue. This appeal followed. The sole question before us for determination is whether the District Court for the Northern District of Mississippi should have entertained the suit.

Since this is a civil suit between a citizen of Mississippi and a Delaware corporation and the amount in controversy exceeds $3,000, federal jurisdiction over the subject matter is present. Under Section 51 of the Judicial Code, 28 U.S.C.A. § 112(a), where the jurisdiction is founded only on the fact that the action is between citizens of different states, venue may be laid "in the district of the residence of either the plaintiff or the defendant." When laid, as here, at the residence of the plaintiff, the process from that court directed to the marshal of the Southern District and served by him upon the resident agent for service of process of the appellee in that district, conferred upon the court jurisdiction of the person of the appellee. Rule 4(f), Federal Rules of Civil Procedure.[2] The Neirbo case indicates nothing to the contrary. In fact the Supreme Court in that case seemed to recog-

[1] Neirbo Co. v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 60 S.Ct. 153, 154, 84 L.Ed. 167, 128 A.L.R. 1437.

[2] Moore's Federal Practice, Vol. I, p. 360, et seq.; Hughes, Federal Practice and Procedure, Vol. 17, Secs. 18.992 to 18.994, incl.; Schwarz v. Artcraft Silk Hosiery Mills, 2 Cir., 110 F.2d 465; O'Leary v. Lofton, D.C., 3 F.R.D. 36.

nize that the question before it would not have been raised had the suit been brought in the district of the residence of the plaintiff or that of the defendant. In the very beginning of the opinion, Mr. Justice Frankfurter said:

"The suit was based on diversity of citizenship and was not brought 'in the district of the residence of either the plaintiff or the defendant.' "

And no language in the opinion which follows disturbed or modified the lower court's holding that "had plaintiffs been residents of the Southern District of New York, so that venue was properly laid, service of process upon the defendant would have been had by service upon its agent."[3] The rationale of the opinion in the Neirbo case is that a foreign corporation, by the appointment of an agent for the service of process in accordance with the laws of the state in which the corporation is doing business, waives the provisions of the venue statute which otherwise it would be entitled to assert; by such act it affirmatively consents to be sued in the courts in that state, state and federal. Prior to the Neirbo case the courts generally had held that such an appointment did not constitute a waiver by a corporation of its right to be sued in the district of which it was an inhabitant;[4] but even when so holding, the courts recognized the right of a plaintiff in diversity of citizenship cases to subject a corporate defendant to suit in a federal court of the district of which the plaintiff was a resident.[5]

■ Section 113, 28 U.S.C.A., relied on by the court below does not conflict with but supplements Section 112(a). Under Sections 112(a) and 113, where diversity of citizenship exists and suit is not brought in the district of the residence of the plaintiff but in the district of the residence of the defendant, and the defendant resides in a state containing more than one district, and the suit is not one of a local nature, then venue must be laid in that district of the state where the defendant resides.

■ More troublesome, perhaps, is the question whether the court of the Northern District could obtain jurisdiction over the person of the defendant by service of process outside the district. This question relates to the power of the Supreme Court to promulgate Rule 4(f) of the Federal Rules of Civil Procedure. While the rule affects neither venue nor jurisdiction over the subject matter, it does permit the court to acquire personal jurisdiction over a defendant in another district within the state in a case like the present,—a power that did not exist prior to the adoption of the rules. As was pointed out in Moore's Federal Practice, Vol. 1, page 361, "Since the Advisory Committee specifically called the attention of the Supreme Court to the question of its power to promulgate this rule, it may be safely assumed that the Supreme Court, by promulgating the rule, has concluded that it has the power."

■ In this court appellee contends that the consent to be sued flowing from the appointment of an agent for service of process under state law is limited by the state venue statutes and this limitation governs the venue of the federal courts in the state; and appellee argues that as the Mississippi statute in fixing venue of suits in the state courts fixes venue either in the district where the cause of action accrued or where the defendant had its principal place of business, venue in this case was improperly laid in the District Court for the Northern District of Mississippi, since the cause of action accrued in the Southern District of Mississippi and appellee had his principal place of business in that district. What the situation might be if there were no federal statute fixing venue is not before us. It is hornbook law that where a federal statute fixes the venue of the federal courts, state laws are inapplicable. Cf. Munter v. Weil Corset Co., 261 U.S. 276, 278, 43 S.Ct. 347, 67 L.Ed. 652.

■ Considerable space is devoted in the briefs to a consideration of the issue of fact with respect to the place of residence of the plaintiff. The finding of the court below on this issue is supported by substantial evidence—evidence which has convinced us that the lower court's finding on this issue is correct.

[3] Neirbo v. Bethlehem Shipbuilding Co., 2 Cir., 103 F.2d 765, 770.

[4] See cases cited in 2 Cir., 103 F.2d 765.

[5] McCormick v. Walthers, 134 U.S. 41, 10 S.Ct. 485, 33 L.Ed. 833; Munter v. Weil Corset Co., 261 U.S. 276, 43 S.Ct. 347, 67 L.Ed. 652; Seaboard Rice Milling Co. v. Chicago, R. I. & P. R. R. Co., 270 U.S. 363, 46 S.Ct. 247, 70 L.Ed. 633; Massachusetts Bonding & Ins. Co. v. Concrete Steel Bridge Co., 4 Cir., 37 F.2d 695.

The judgment appealed from is reversed, and the cause is remanded for proceedings in accordance with the views herein expressed.

Reversed and remanded.