## GREAT NORTHERN RAILWAY COMPANY *v.* OTOS.

### ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 429.  Argued November 30, 1915.—Decided December 13, 1915.

A car, coming from another State, which is merely delayed in the State of destination before reaching, and which does finally reach, its destination, is not, by reason of such delay, withdrawn from interstate commerce and the operation of the Safety Appliance Act.

While the supplementary Safety Appliance Act of 1910 relieves the

carrier from statutory penalties while hauling the defective car to the nearest available point for repair, it does not relieve the carrier from liability for injury to an employé in connection with such hauling. Under the circumstances involved in this action under the Employers' Liability Act, the trial court did not err in charging that if the injuries were directly due to defective condition under the Safety Appliance Act of couplers of a car which had come from without the State to the point where the accident occurred, and which was destined to another point within the State, the defendant carrier would be liable.

128 Minnesota, 283, affirmed.

THE facts, which involve the construction and application of the Safety Appliance Act in cases for injuries under the Employers' Liability Act, are stated in the opinion.

*Mr. E. C. Lindley*, with whom *Mr. M. L. Countryman* and *Mr. A. L. Janes* were on the brief, for plaintiff in error.

*Mr. Tom Davis*, with whom *Mr. Ernest A. Michel* was on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action under the Safety Appliance Act and Employers' Liability Act. The plaintiff (defendant in error,) was a switch foreman and was breaking up a train that had come into his State from the west. At the moment when he was hurt he had three cars attached to a switching engine; the rear one consigned to Duluth, and to be switched to another track; the next consigned to Minneapolis; both loaded. The automatic coupler on the Minneapolis car was out of order, the pin-lifter was missing, other repairs were needed, and there was evidence that it had been marked for repairs and was to be switched to the repair track before going further. In the switching operation the plaintiff, being unable to uncouple the Duluth car from the side where the pin-lifter was missing without going between the cars, did so while the cars were moving and was badly hurt. The jury was instructed that

if the injuries 'were due directly to the absence and imperfect working condition of the coupler in question' the defendant would be liable. The plaintiff got a verdict and judgment was ordered for $30,000, which order was affirmed by the Supreme Court of the State. *Otos* v. *Gt. Northern Ry.*, 128 Minnesota, 283. 150 N. W. Rep. 922.

The defendant argues that the car had been withdrawn from interstate commerce, and that therefore the Act of March 2, 1893, c. 196, § 2, 27 Stat. 531, does not apply; that if it does apply the defendant was required by that act and the supplementary Act of April 14, 1910, c. 160, 36 Stat. 298, to remove the car for repairs and that its effort to comply with the statutes could not constitute a tort; and that the plaintiff was the person entrusted by it with the details of the removal and could not make it responsible for the mode in which its duty was carried out; that he might have detached the car while it was at rest. But we are of opinion that the argument cannot prevail.

The car was loaded and in fact was carried to Minneapolis the next day. It had not been withdrawn from interstate commerce, but merely subjected to a delay in carrying it to its destination. At the moment of the accident it was accessory to switching the Duluth car. It does not seem to us to need extended argument to show that the car still was subject to the Act of Congress. *Delk* v. *St. Louis & San Francisco R. R. Co.*, 220 U. S. 580. As the Safety Appliance Act governed the case, it imposed an absolute liability upon the carrier. *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Taylor*, 210 U. S. 281. *Chicago, Burlington & Quincy Ry. Co.* v. *United States*, 220 U. S. 559. The supplementary Act of April 14, 1910, c. 160, § 4, relieves the carrier from the statutory penalties while the car is being hauled to the nearest available point where it can be repaired, but expressly provides that it shall not be construed to relieve from liability for injury to an employé in connection with the hauling of the car. The

next section recites that under § 4 the movement of a car with defective equipment may be made within the limits there specified without incurring the penalties, 'but shall in all other respects be unlawful.' Whether or not the absolute liability created by the earlier act extended to the present case, and we are far from implying that it did not, the Act of 1910 imports with unmistakable iteration, that the liability exists. Under the instructions of the court the jury must have found that the defect was the proximate cause of the injury, as that was made a condition of the plaintiff's right to recover. If so, the fact that the plaintiff's conduct contributed to the result was not a defense. Act of April 22, 1908, c. 149, §§ 3, 4; 35 Stat. 65, 66. *Grand Trunk Western Ry.* v. *Lindsay*, 233 U. S. 42. In view of the statutes it is unnecessary to consider the limits to the plaintiff's authority by his instructions from above. In any view of the evidence he was not withdrawn from the protection of the Acts.

*Judgment affirmed.*