ERIE R. CO. v. SCHLEENBAKER.

(Circuit Court of Appeals, Sixth Circuit. May 6, 1919.)

No. 3199.

1. MASTER AND SERVANT ⊂⊃285(7)—INJURY TO RAILROAD EMPLOYÉ—MOVING DEFECTIVE CAR—PROXIMATE CAUSE—QUESTION FOR JURY.

In an action by a conductor, injured when he missed the grabiron on the caboose, from which the rear lights had been removed, and fell under the following car, on which the caboose lights had been placed, and which was at the rear of the train because it had no drawbar or coupler at its rear end, such hauling of the crippled car being unlawful under Act March 2, 1893, § 2 (Comp. St. § 8606), Act March 2, 1903, § 1 (Comp. St. § 8613), and Act April 14, 1910, § 5 (Comp. St. § 8622), and constituting negligence, question of whether the transportation of the defective car was the proximate cause of the conductor's injury *held* for the jury.

---

3. MASTER AND SERVANT ⚫⟹111(1)—INJURIES TO RAILROAD EMPLOYÉ—HAUL-
ING DEFECTIVE CAR.

A railroad was negligent in hauling at the rear of a freight train, back
of the caboose, a freight car, defective in that it had no drawbar or coup-
ler on its rear end, an act unlawful under Act March 2, 1893, § 2 (Comp.
St. § 8606), Act March 2, 1903, § 1 (Comp. St. § 8613), and Act April 14,
1910, § 5 (Comp. St. § 8622).

3. MASTER AND SERVANT ⚫⟹111(1)—INJURIES TO RAILROAD EMPLOYÉ—HAUL-
ING DEFECTIVE CAR.

The effect of a railroad's violation of its duty under Act March 2, 1893,
§ 2 (Comp. St. § 8606), Act March 2, 1903, § 1 (Comp. St. § 8613), and Act
April 14, 1910, § 5 (Comp. St. § 8622), in hauling at the rear of a freight
train, back of the caboose, a freight car, defective, in that its rear end was
without drawbar or coupler, and also any liability arising therefrom, ex-
tended to an employé, such as the conductor of the train.

4. MASTER AND SERVANT ⚫⟹204(2), 228(2)—RAILROAD EMPLOYÉS—EMPLOYERS'
LIABILITY ACT—SAFETY APPLIANCE ACT—CONTRIBUTORY NEGLIGENCE AND
ASSUMPTION OF RISK.

The purpose of Congress, through the Employers' Liability Act (Comp.
St. §§ 8657–8665), and the Safety Appliance Acts (Comp. St. § 8605 et seq.),
considered together, is not only to make a railroad's duty absolute, but
also, where the injury is in part occasioned by the failure of the road to
comply with the acts, to excuse employés from the effect alike of the rules
of contributory negligence and assumption of risk.

5. TRIAL ⚫⟹343—VERDICT—FORM AND EFFECT.

Verdict for plaintiff, under instructions that only three issues were to
be considered, must be treated as general in form, and as finding all the
submitted issues in favor of plaintiff.

6. APPEAL AND ERROR ⚫⟹1078(4)—ASSIGNMENT OF ERROR—WAIVER BY FAIL-
URE TO MENTION IN BRIEF.

Where nothing is said in the brief in support of an assignment of
error to the reception of evidence, it must be regarded as waived.

In Error to the District Court of the United States for the Eastern
Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action by Jacob Schleenbaker against the Erie Railroad Company.
To review judgment for plaintiff, defendant brings error. Affirmed.

J. Paul Lamb, of Cleveland, Ohio, for plaintiff in error.

Lewis Brucker, of Mansfield, Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit
Judges.

WARRINGTON, Circuit Judge. Action under the federal Employ-
ers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. §§
8657–8665]) to recover damages for personal injuries sustained by
plaintiff below, Schleenbaker, on the 8th of September, 1915, and while
in the employ of the defendant railway company. Admittedly defend-
ant was at that time operating as a common carrier of passengers and
freight in interstate commerce by railroad, and plaintiff was the con-
ductor of one of its freight trains. This train was then running on a
west-bound trip between Kent and Marion, Ohio, and pursuant to
orders previously given by defendant a freight car was coupled to the
rear end of the caboose of plaintiff's train at Ashland. The car thus
becoming the last one of the train had no drawbar or coupler at its

⚫⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

rear end, and under the orders mentioned was to be hauled to Marion for purpose of repair; it was, moreover, loaded with interstate freight, and, like the rest of the train, being used in interstate commerce. The placing of the crippled freight car at the end of the train necessitated removal of the markers, whether for day or night travel, from the rear end of the caboose to that of the freight car. The train proceeded to Galion and left there about 9 p. m. In attempting to board the caboose while in motion, plaintiff tried and failed to obtain a hold upon the rear grabiron which was bolted to the side of the caboose, and fell so that his left arm lay across the adjacent rail of the track; the wheels on that side of the defective car passed over his arm and practically severed it between the wrist and elbow.

Among the negligent and wrongful acts charged in the petition as causing the injury were violations by defendant of the federal Safety Appliance Acts (Act March 2, 1893, c. 196, 27 Stat. 531, Act March 2, 1903, c. 976, 32 Stat. 943, and Act April 14, 1910, c. 160, 36 Stat. 298 [Comp. St. § 8605 et seq.]), in transporting the defective car, which ran over plaintiff's arm, and in maintaining an improper grabiron on the caboose. At the close of all the evidence motion of defendant to direct a verdict in its favor was denied; and the court in charging the jury instructed them that only three issues were to be considered: (1) Whether the transportation of the defective car was the proximate cause of plaintiff's injury; (2) whether the grabiron in question had the required minimum clearance, two inches; and (3) if it had not whether the injury was proximately caused by such defect in the grabiron. The court further charged that if the jury should find the affirmative either of the first or of the second and third of the issues, the plaintiff was entitled to recover. Verdict was returned and judgment rendered for plaintiff, and defendant seeks reversal under the writ of error.

[1-3] The assignment of error relied on was the refusal to withdraw from the jury consideration of the first issue above alluded to. The insistence is that the absence of a coupler and drawbar at the rear end of the freight car had no connection with the infliction of plaintiff's injury and hence, as matter of law, could not have been the proximate cause. This is amplified in several ways, and finally by contention that plaintiff would have met with the same injury if a perfect car, instead of the crippled car, had been attached to the rear of the caboose. This may be conceded, and yet it does not meet the case in hand. The caboose was at the rear end of the train, the usual position of such a car, until the crippled car was placed behind it, and it is to be remembered that this attachment of the crippled car was not due to a mere yard or switching movement. The train was running on the main west-bound line and in the course of a regular trip. The ordinary and natural position of a perfect car would have been ahead, not to the rear, of the caboose; a car without drawbar or coupler could not, consistently with the Safety Appliance Acts, have been so placed and transported in the train. 36 Stat. 299, § 4 (Comp. St. § 8621); Erie R. Co. v. United States, 240 Fed. 28, 32, 153 C. C. A. 64 (C. C. A. 6).

Application of the doctrine of proximate cause is always difficult. Efforts to solve the question by illustration generally complicate the subject through doubtful analogy, and at last right solution is found to depend upon the facts and circumstances of the particular case. Hence, what is the immediate and operating cause of an injury usually presents a question of fact. Brief mention of the circumstances of plaintiff's injury will, we think, disclose a satisfactory test of the trial judge's refusal to decide the question of proximate cause as matter of law. The defective condition of the car was at once the reason for hauling it to a place of repair and for attaching it to the rear of the caboose; this resulted, as before pointed out, in a removal of the lights from the rear of the caboose to the rear of the defective car; these conditions were apparently unusual, and calculated to render performance of the conductor's duties more difficult, not to say dangerous. It was dark when the conductor attempted to board the caboose; when the train started, he was near its forward end, engaged in the discharge of his duties. He proceeded toward the rear of the moving train, and when he reached the caboose the train had attained a speed of 6 to 8 miles an hour; carrying his lantern as the only means of light to aid him, he attempted, as before stated, to catch the rear grab-iron of the caboose and to mount the steps of its platform; but missing the grabiron, he caught the railing at the rear of the platform, and was thrown between the caboose and freight car, and injured as already described. Now, bearing in mind the changed conditions under which the conductor sought to board the caboose, it is to be observed that the vital condition, the one without which plaintiff would certainly not have lost his arm, was created by the unlawful act of the company. This unlawful act consisted in hauling the freight car in its crippled condition. 27 Stat. 531, § 2 (Comp. St. § 8606); 32 Stat. 943, § 1 (Comp. St. § 8613); 36 Stat. 299, § 5 (Comp. St. § 8622); Great Northern Ry. Co. v. Otos, 239 U. S. 349, 351, 352, 36 Sup. Ct. 124, 60 L. Ed. 322. The act also constituted negligence on the part of the company. San Antonio Railway v. Wagner, 241 U. S. 476, 484, 36 Sup. Ct. 626, 60 L. Ed. 1110; St. Louis & Iron Mountain Ry. v. Taylor, 210 U. S. 281, 294, 295, 28 Sup. Ct. 616, 52 L. Ed. 1061. Moreover, according to the very terms of the statute, such hauling was "at the sole risk of the carrier" (36 Stat. 299, § 4 [Comp. St. § 8621]); and the effect of the violation of duty involved as also the liability arising therefrom, extended to an employé such as the plaintiff conductor (Louisville & Nashville R. R. Co. v. Layton, 243 U. S. 617, 621, 37 Sup. Ct. 456, 61 L. Ed. 931).

[4] Coming, now, to the question of causal relation between the negligence and the injury, can it, for example, be safely said as matter of law that plaintiff would have failed in his attempt to board the rear platform of the caboose if the lights usually carried at that end of the car had been present? Clearly the aid that such lights would have furnished plaintiff, or, stated in another way, the effect of their absence, presented an inquiry of fact. The removal of the lights was in furtherance of the unlawful act of hauling the defective car. Such removal would seem to have been a step in the line of natural and con-

tinuous sequence resulting from the unlawful act of hauling; and it need not be repeated that without such unlawful hauling and the negligence it implied the injury would not have occurred. It is not an answer to say that plaintiff knew of the conditions. The purpose of Congress, through the Employers' Liability Act and the Safety Appliance Acts, considered together, is not alone to make the defendant's duty absolute, but also, where, as here, the injury is in part occasioned by the failure of the carrier to comply with the acts mentioned, to excuse the employés from the effect alike of the rules of contributory negligence and assumption of risk. 35 Stat. 66, §§ 3 and 4; Grand Trunk Ry. Co. v. Lindsay, 233 U. S. 42, 49, 50, 34 Sup. Ct. 581, 58 L. Ed. 838, Ann. Cas. 1914C, 168; Great Northern Ry. Co. v. Otos, supra, 239 U. S. at page 352, 36 Sup. Ct. 124, 60 L. Ed. 322. Defendant's motion to direct a verdict in its favor was therefore rightly denied. This, after all, is but to apply the principle declared by Mr. Justice Strong in Milwaukee, etc., Ry. Co. v. Kellogg, 94 U. S. 469, 474, 24 L. Ed. 256:

"The true rule is that what is the proximate cause of an injury is ordinarily a question for the jury. It is not a question of science or of legal knowledge. It is to be determined as a fact, in view of the circumstances of fact attending it."

Our court has had frequent occasion to apply this rule, as, for example, Winters v. Baltimore & O. R. Co., 177 Fed. 44, 50, 100 C. C. A. 462; Erie R. Co. v. White, 187 Fed. 556, 559, 560, 109 C. C. A. 322; Hales v. Michigan Cent. R. Co., 200 Fed. 533, 537, 118 C. C. A. 627; Heskett v. Pennsylvania Co., 245 Fed. 326, 329, 157 C. C. A. 518.

[5, 6] We may add that the contentions made under decisions relied on by the railway company must fail for lack of analogy between the facts there involved and the facts of the instant case, and that the remaining assignments of error which have been argued do not point to anything that seems to us prejudicial to the company. The verdict must be treated as general in form, and as finding all the submitted issues in favor of the plaintiff. Error is assigned to the receiving of evidence concerning the second and third issues as to the condition of the grabiron, but nothing is said in the brief in support of such assignment, and it must therefore be regarded as waived. Wege v. Safe-Cabinet Co., 249 Fed. 696, 705, 161 C. C. A. 606 (C. C. A. 6).

The judgment is affirmed, with costs.