**Tresa Gerard, Administratrix, Appellee, v. Walker D. Hines, Director General of Railroads, and Louisville & Nashville Railroad, Appellants.**

1. MASTER AND SERVANT, § 782*—*when instruction on contributory negligence erroneous.* In an action under the Federal Employers' Liability Act for injuries to a switchman, an instruction defining contributory negligence and stating the effect of the defense is erroneous when it fails to provide that such negligence is to be considered by the jury in fixing the amount of damages, unless the injury was the result of some violation of the Safety Appliance Act.

2. MASTER AND SERVANT, § 786*—*when instruction erroneous as omitting element of assumed risk.* In an action for injuries sustained by a switchman, an instruction directing a verdict, but which omits the question of assumed risk, one of the defenses of the railroad, is erroneous.

3. MASTER AND SERVANT, § 777*—*when instruction on Federal Safety Appliance Act abstract.* In an action for injuries sustained by a switchman due to the absence of a handhold on a car, an instruction stating that there was in force an act of Congress requiring cars used in interstate commerce to be equipped with

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

handholds or grabirons at the end and side of each car, was abstract and incomplete, and misleading, under the evidence.

4. MASTER AND SERVANT, § 784*—*when instruction on absence of handholds erroneous as omitting engagement in interstate commerce.* In an action for injuries to a switchman claimed to have been caused by the absence of handholds on a car, an instruction directing a verdict if the car was not equipped with handholds on the end, and that by reason thereof the deceased was injured, ignored the question of whether the deceased was engaged in interstate commerce, which was an issue in the case.

5. COMMERCE, § 4*—*when engagement in interstate question for jury.* Evidence *held* sufficient to present a question for the jury as to whether a deceased switchman, injured by the absence of handholds on a car, was engaged in interstate commerce at the time of his injury.

6. MASTER AND SERVANT, § 715*—*when violation of Federal Safety Appliance Act question for jury.* In an action for injuries to a switchman claimed to have been injured by the absence of handholds on a car, the evidence was sufficient to present a question for the jury as to whether there was a violation of the Safety Appliance Act.

7. MASTER AND SERVANT, § 302a*—*when assumed risk no defense where federal statute violated.* In actions for injuries causing death based upon a violation by a railroad company of any federal statute enacted for the safety of employees, where the injury was due to a violation of the statute, the doctrine of assumption of risk is no defense.

Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the October term, 1919. Reversed and remanded. Opinion filed March 25, 1920.

CHARLES P. HAMILL, for appellants.

LOUIS BEASLEY, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

An action on the case instituted by appellee as administratrix of the estate of Charles L. Gerard, in the city court of East St. Louis, against appellant to recover for the death of said Charles L. Gerard while

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in the employ of appellant railroad, resulted in a verdict and judgment against appellant for $5,000. To reverse said judgment this appeal is prosecuted.

The declaration as it stood at the time of the trial consisted of two counts, designated the second and the third amended counts, to which the L. & N. Railroad filed a plea of the general issue. The Director General of Railroads was thereafter made a defendant and was a party to the suit before judgment was rendered. The second count of the amended declaration alleged that the appellant was operating a switch train in interstate commerce and that a tank car in said train was not equipped with handholds, which was in violation of the Federal Safety Appliance Act; that it became necessary for appellee's intestate to get upon this car for the purpose of adjusting the brakes, and while endeavoring so to do was thrown therefrom and in consequence of the lack of a proper handhold was fatally injured.

The third amended count alleged that appellant failed to furnish a sufficient number of switchmen and alleged that on account of the youth and inexperience of appellee's intestate he was subjected to extraordinary danger of which he was ignorant and of which the appellant had knowledge, or might have had knowledge by the exercise of ordinary care; that on account of such failure to furnish sufficient help, appellee's intestate was thrown from a moving car in interstate commerce and was fatally injured.

The record discloses that appellee's intestate was employed as a switchman by the L. & N. Railroad in East St. Louis; that he had been employed by said railroad in one kind of work or another since he was 17 years of age; that at the time of the accident he had been working as a switchman for about 7 months.

On the night of the accident, appellee's intestate was acting as foreman of the train-yard crew, the man who was to have acted as foreman having failed to

report. At 11 p. m., when the crew went on duty, appellant's yardmaster asked Gerard to act as foreman. About 6 o'clock in the morning, Gerard's crew went on track 9 to get a cut of twelve cars. The last car in the cut was a tank car which it was intended to separate from the other cars in the cut and leave on track 9. It being an incline track, it was necessary to set the brakes when the car was cut off to keep it from running back, and the only way by which the brakes could be set was by climbing upon the car.

The evidence tends to show that while attempting to set the brakes on this car, appellee in some way fell and received the injury which resulted in his death, a recovery for which is here sought.

The disputed questions in the record were as to whether or not the car in question was equipped with grab irons or handholds as provided by the act of Congress and as to whether, if not so equipped, that that fact was the cause in whole or in part of appellee's intestate receiving said injury, and also as to whether or not appellee at the time of receiving said injury was engaged in interstate commerce, and as to whether, if engaged in interstate commerce, he assumed the risk of the work that resulted in his injury and as to whether appellant was guilty of negligence that contributed in whole or in part to appellee's intestate's injury and death.

Instructions were offered and were given by the court, both for appellee and for appellant, presenting the different theories of the case. It is contended by appellant that the court erred in giving instructions 4, 5, 6, 7 and 8, given on behalf of appellee.

Instruction 4 is as follows: "The court further instructs the jury that contributory negligence is the omission on the part of the employee to use those precautions for his own safety that an ordinarily pru-

dent person would have used under like or similar circumstances. But in this case, if you believe from a preponderance of the evidence that the said Charles L. Gerard was, at the time of the accident, engaged in switching cars that were moving in interstate commerce, then what is known as contributory negligence is no defense.''

This instruction is erroneous for the reason that it fails to provide that contributory negligence, if any, on the part of the person injured is to be taken into consideration by the jury in fixing the amount of damages for which the injured party is entitled to recover, unless the jury finds that the injury was the result of a violation of some Safety Appliance Act.

The fifth instruction directs a verdict and is erroneous for the reason it omits the question of assumed risk, one of the defenses made by appellant in this action.

The sixth instruction given on behalf of appellee is as follows: "The court further instructs the jury that there was in full force and effect on the 20th day of April, 1918, a certain Act of Congress which provides among other things, as follows: 'That it shall be unlawful for any railroad company to use any car in interstate commerce that is not provided with secure grab irons or handholds in the end and side of each car.' " This instruction is abstract in form, is incomplete, and under the facts in this case was misleading to the jury and should not have been given.

The seventh instruction directed a verdict, if the jury believed from the evidence that the car in question was not equipped with handholds on the end and that by reason thereof deceased was injured. This instruction ignores the question of whether deceased was engaged in interstate commerce, which was alleged and which was one of the issues in the case. There could be no recovery on this count unless the deceased was engaged in interstate commerce.

Instruction 8 is erroneous for the reason that it fails to submit to the jury the question of assumed risk on the part of the appellee's intestate, and directs a verdict. The giving of the foregoing instruction was reversible error.

It is also contended by appellant that the court erred in refusing to direct a verdict in its favor at the close of appellee's evidence, a motion to that effect having been made by appellant.

The first ground urged on this assignment of error is that appellee failed to prove her intestate was engaged in interstate commerce at the time of his injury. Without discussing this question at length, we are of the opinion that there was sufficient evidence in the record to warrant the case going to the jury, so far as this proposition was concerned.

It is also urged in support of this assignment that there was no proof of any violation of the Safety Appliance Act. We think on this proposition the evidence was sufficient to allow the case to go to the jury.

It is further contended in support of this assignment of error that appellee's intestate assumed the risk of the accident. The law is, in actions for injuries causing death based upon a violation by a railroad company of any federal statute enacted for the safety of employees, that if it be shown the injury was due to a violation of said federal law the doctrine of assumption of risk is no defense. *Erie R. Co. v. Purucker*, 244 U. S. 320; *Texas & P. Ry. Co. v. Rigsby*, 241 U. S. 33; *Grand Trunk, Western Ry. Co. v. Lindsay*, 233 U. S. 42.

In *Grand Trunk Western Ry. Co. v. Lindsay, supra,* the court on page 50 says: "Although by the third section of the Employers' Liability Act a recovery is not prevented in a case of contributory negligence, since the statute substitutes for it a system of comparative negligence, whereby the damages are to be diminished in the proportion which his negligence bears

to the combined negligence of himself and the carrier, —in other words, the carrier is to be exonerated from a proportional part of the damages corresponding to the amount of negligence attributable to the employee (*Norfolk & W. R. Co. v. Earnest,* 229 U. S. 114, 122, 57 L. Ed. 1096, 1101, 33 Sup. Ct. 654),—nevertheless, under the terms of a proviso to the section, contributory negligence on the part of the employee does not operate even to diminish the recovery where the injury has been occasioned in part by the failure of the carrier to comply with the exactions of an act of Congress enacted to promote the safety of employees. In that contingency the statute abolishes the defense of contributory negligence, not only as a bar to recovery, but for all purposes. The proviso reads: 'Provided, that no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee.' "

Inasmuch as the question of assumed risk becomes important only in the event that appellant has not violated the provision of the Safety Appliance Act, we hold the court did not err in its rulings on this proposition and did not err in refusing to direct a verdict at the close of appellee's evidence.

It was also contended by appellant that the verdict of the jury is against the manifest weight of the evidence. Inasmuch as this case will have to be tried again, we refrain from discussing this assignment of error.

Lastly, it is contended by appellant that the court erred in its rulings on the evidence. There are some rulings of the court on the evidence that were objectionable. However, they are not of a serious character and we have no doubt that on the retrial of the

FOURTH DISTRICT—MARCH, 1920.        543

Dimmick v. Illinois Automobile Fire Ins. Exchange, 216 Ill. App. 543.

case these objections will be obviated—they are not of enough importance to require a discussion of them in this opinion.

For the reasons above set forth the judgment of the trial court will be reversed and the cause will be remanded.

*Reversed and remanded.*