## DELANEY v. TAMPA NORTHERN R. CO.

(District Court, S. D. Florida. December 17, 1924.)

No. 1036.

1. **Master and servant** ☞204(2)—**Assumption of risk not available as defense in action based on violation of statute.**

Under Safety Appliance Act March 2, 1893, § 8 (Comp. St. § 8612), and Employers' Liability Act April 22, 1908, § 4. (Comp. St. § 8660), assumption of risk is not available as defense in action for injuries caused by carrier's violation of statute enacted for safety of employees.

2. **Pleading** ☞127(2)—**As contributory negligence only diminishes recovery under federal Employers' Liability Act, plea admits liability.**

Under Employers' Liability Act, § 3 (Comp. St. § 8659), contributory negligence of injured employee does not bar recovery, but only diminishes damages, and therefore plea thereof admits liability on part of defendant.

3. **Master and servant** ☞228(2)—**In action under Safety Appliance Act, contributory negligence is not defense.**

Where injury of employee complained of resulted from violation of Safety Appliance Act March 2, 1893 (Comp. St. §§ 8605–8612), contributory negligence of employee under Employers' Liability Act, § 3 (Comp. St. § 8659), is not available as a defense, and plea thereof is demurrable.

At Law. Action by James H. Delaney against the Tampa Northern Railroad Company. On demurrer to special pleas of contributory negligence and assumption of risk. Demurrer sustained.

Hilton S. Hampton, of Tampa, Fla., for plaintiff.

Knight, Thompson & Turner, of Tampa, Fla., for defendant.

JONES, District Judge. This is an action to recover damages for personal injuries sustained by the plaintiff while in the service of the defendant railroad company, engaged in interstate commerce. The suit is brought under the provisions of the Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65, and Act April 5, 1910, c. 143, 36 Stat. 291 [Comp. St. §§ 8657–8665]), and is based upon an alleged violation of the Safety Appliance Act (Act March 2, 1893, c. 196, 27 Stat. 531; Act March 2, 1903, c. 976, 32 Stat. 943 [Comp. St. §§ 8605–8612]; Act April 14, 1910, c. 160, 36 Stat. 298 [Comp. St. §§ 8617–8623]).

The first count of the declaration, after setting out that the defendant is the owner of and was at the time of the alleged injury operating a railway engaged in interstate commerce, alleges that plaintiff was employed by the defendant as brakeman on a mixed train; that at the time and place shown in the declaration the plaintiff was required, in the discharge of his duties as such brakeman, preparatory to uncoupling a certain car in the train, to "shut off the air" on said car; that in attempting to do so in the usual manner plaintiff found an air valve upon said car "defective and out of repair," making it impossible to "shut off the air" by means of said valve, whereupon plaintiff was compelled to go between the cars to effect his purpose, and that while between said cars the train was negligently moved forward, and the foot of the plaintiff caught by the wheels and injured. The second count is the same as the first, except it alleges that the air valve in question "stuck and refused to work."

To each count of the declaration the defendant has filed a plea of the general issue and two special pleas; one setting up contributory negligence, and the other an assumption of risk. The case is now before me upon demurrer of the plaintiff to the two special pleas, the grounds for demurrer being that under the acts of Congress neither contributory negligence nor assumption of risk is a defense to such a cause of action as is stated in the declaration. The declaration charges the defendant with operating a car in interstate traffic, upon which car the coupling appliances were not in good working condition, and alleges the injury complained of resulted from this cause. The portions of the acts applicable in this case are as follows:

Section 8 of the Safety Appliance Act of March 2, 1893 (27 Stat. 532): "Any employee of any such common carrier who may be injured by any locomotive, car, or train in use contrary to the provision of this act shall not be deemed thereby to have assumed the risk thereby occasioned, al-

though continuing in the employment of such carrier after the unlawful use of such locomotive, car, or train had been brought to his knowledge."

Section 4 of the Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 66): "In any action brought against any common carrier under or by virtue of any of the provisions of this act to recover damages for injuries to, or the death of, any of its employees, such employee shall not be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee."

Section 3 of said Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 66): "In all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this act to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee: Provided, that no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee."

[1] Taking up, first, the question of whether or not assumption of risk is a permissible defense in this case, it will be seen from the foregoing sections of the acts of Congress that it is expressly barred as a defense by both the Safety Appliance Act and the Employers' Liability Act, when the injury complained of is caused by a violation by the carrier "of any statute enacted for the safety of employees." Chicago, R. I. & P. Ry. Co. v. Ward, 252 U. S. 18, 40 S. Ct. 275, 64 L. Ed. 430; St. L., I. M. & S. v. Taylor, 210 U. S. 281, 28 S. Ct. 616, 52 L. Ed. 1061; C., B. & Q. Ry. v. United States, 220 U. S. 559, 31 S. Ct. 612, 55 L. Ed. 582; Schlemmer v. Buffalo, R. & P. Ry., 205 U. S. 1, 27 S. Ct. 407, 51 L. Ed. 681; S. A. L. Ry. v. Horton, 233 U. S. 492, 34 S. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475; Erie R. Co. v. Schleenbaker, 257 F. 667, 168 C. C. A. 617; Sou. Pac. Co. v. Thomas, 21 Ariz. 355, 188 P. 268; Gerard v. Hines, 216 Ill. App. 536; Thayer v. Denver & R. G. R. Co., 25

N. M. 559, 185 P. 542; Grybowski v. Erie R. R. Co. (N. J.) 98 A. 1085. As the declaration in this case is based upon facts alleging a violation of the Safety Appliance Act, a plea of assumption of risk is not available.

[2] Coming to the plea of contributory negligence, we find section 3 of the Employers' Liability Act, quoted above, abrogates the common-law rule as to contributory negligence as a plea in bar, and makes it available only to diminish damages, and a plea of contributory negligence filed in a case brought under the provisions of this act admits liability upon the part of the defendant. Arizona Eastern Ry. Co. v. Bryan, 18 Ariz. 106, 157 P. 376; S. Ry. Co. v. Fisher, 199 Ala. 377, 74 So. 580.

[3] But where, as in the instant case, the injury is alleged to have resulted from a violation of the Safety Appliance Act, section 3, referred to above, provides that the injured employee shall not be held guilty of contributory negligence, and therefore such a plea is subject to demurrer. Grand Trunk Ry. v. Lindsay, 233 U. S. 42, 34 S. Ct. 581, 58 L. Ed. 838, Ann. Cas. 1914C, 168; Schlemmer v. B. R. & Pittsburgh Ry. Co., 205 U. S. 1, 27 S. Ct. 407, 51 L. Ed. 681; Porter v. L. & N. R. R. Co., 201 Ala. 469, 78 So. 375; Fish v. C., R. I. & P. Ry., 263 Mo. 106, 172 S. W. 340, Ann. Cas. 1916B, 147; Raines v. Sou. Ry. Co., 169 N. C. 189, 85 S. E. 294, L. R. A. 1918C, 1052; Penn. Co. v. Cole, 214 F. 948, 131 C. C. A. 244: N. Y., C. & St. L. R. Co. v. Niebel, 214 F. 952, 131 C. C. A. 248; S. Ry. Co. v. Peters, 194 Ala. 94, 69 So. 611.

The demurrer will be sustained.