## SUMMERS v. LOUISVILLE & N. R. CO.
### No. 3989.

District Court, E. D. Kentucky.
June 30, 1933.

Sawyer A. Smith, of Covington, Ky., for plaintiff.

S. D. Rouse, of Covington, Ky., for defendant.

ANDREW M. J. COCHRAN, District Judge.

This action is before me on plaintiff's motion to remand to the state circuit court from which it was removed. There is no diversity of citizenship between the parties. It was removed on the ground that the action arises under the laws of the United States. The particular law under which it is alleged in the petition for removal that it arises is the Federal Safety Appliance Act (45 USCA § 1 et seq.). It is the position of the plaintiff that it does not so arise, but that it arises under the Federal Employers' Liability Act (45 USCA §§ 51–59). Of course if such is the case it was not removable and the motion to remand should be sustained. Kansas City Southern Ry. Co. v. Leslie, 238 U. S. 599, 35 S. Ct. 844, 59 L. Ed. 1478; Great Northern Ry. Co. v. Alexander, 246 U. S. 280, 38 S. Ct. 237, 62 L. Ed. 713.

The plaintiff in her petition expressly alleges that the action is brought "under and by reason of and this case arises under the act of Congress designated and known as the 'Federal Employers' Liability Act' as amended, title 45, §§ 51 to 59, inclusive, USCA." This allegation is not conclusive. Whether such is the case depends on the facts set forth in plaintiff's petition. It is an action to recover damages for the death of plaintiff's intestate. According to such allegations the defendant is engaged in interstate commerce and plaintiff's intestate, at the time of the receipt of the injury which resulted in his death, was in its employ as a switchman in one of its yards and engaged in interstate commerce. So far the action is brought within the Federal Employers' Liability Act. The ground upon which defendant claims that the action is not covered by that act is that it

appears further from such allegations that the liability of defendant for the death of plaintiff's intestate is for breach of its absolute duty to provide efficient hand brakes as required by the Safety Appliance Act. It is defendant's position that no recovery can be had under the Federal Employers' Liability Act for a breach of such duty. This is so because the recovery authorized by that act is for negligence and where there is a breach of an absolute duty there is no negligence. That act (section 1 [45 USCA § 51]) provides for recovery for an injury or death "resulting in whole or in part from the negligence of any of the officers, agents or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." The liability imposed on the carrier for a defect or insufficiency in appliances is where it is "due to its negligence." The plaintiff acquiesces in this position and meets it with the claim that no recovery is sought for a breach of such absolute duty imposed by the Safety Appliance Act, but solely for negligence on the part of defendant's employees. The manner and cause of the injury and death complained of is thus set forth in the petition: "On the first day of May 1931, the deceased, Carl G. Summers, was employed by and at work for the defendant, as a switchman in said yard, in that part of said yard designated as the hump, and the hand brake on one of the cars then and there so used by the defendant was defective and insufficient to control the movement of such car, and it then and there became and was the duty of the car inspector and inspectors of the defendant, before said car was placed on the hump, where, the decedent, Carl G. Summers, was so at work, to mark the same so as show that said car was marked for the shop, and further, to place on said car marks showing such brake was so defective and insufficient, and said car was moved from that part of such yard of the defendant onto the hump without being so marked, and through and by the negligence and carelessness of the defendant's agent and employees, said car inspector and inspectors, whose duty it was to so inspect and mark said car, the defendant did place said car on said hump, and release and turn the same loose, and said car was marked for the shop, and was not marked to show that the hand brake was so defective and insufficient, and said inspector or inspectors did and had so negligently and carelessly failed to so mark the same, showing such hand brake was so

412

defective and insufficient, and such defect and insufficiency was known to the defendant and such inspector and inspectors and could have been known to them by the exercise of ordinary care, and was not known to the said Carl G. Summers, and could not have been known to him by the exercise of ordinary care, and said car was so turned loose on said hump, and the decedent, Carl G. Summers, while so engaged and at work thereon, did undertake to control the movement of said car with such hand brake, after said inspector and inspectors had so failed to mark the same, and the same could not be controlled, and the said Carl G. Summers then and there in attempting to control the car, and in getting off of such car, did and was required to exert great and extraordinary strength, and force, and was so jarred, strained and injured thereby in his heart, arteries, internal organs, veins and muscles, and was thereby killed, all of which injuries and death were the direct and proximate result of and caused wholly by the negligence and carelessness of the defendant's agents and employees, the car inspector and inspectors, as above set out, and but for which none of said injuries and death would have been sustained." According to this the car which the decedent was operating when injured was marked for the shop, i. e. for repairs, and was being moved thereto for such purpose, the hand brake on the car was defective and insufficient, the decedent attempted to control the car by means of it but could not do so because of this defect and insufficiency, and the inability to control it was the cause of the injury. This makes a clear case of liability for breach of the duty prescribed by the Safety Appliance Act. But, according further thereto, recovery is not sought on this account. It is sought solely on the ground of the negligence of defendant's car inspector in not marking the car so as to show that the hand brake was defective and insufficient. It is alleged that the injury and death "were the direct and proximate result and were caused wholly by the negligence and carelessness of the defendant's agents and employees, the car inspector and inspectors, as above set out, and but for which none of said injuries and death would have been sustained." There can be no possible question that plaintiff bases her right to recover on such negligence on the part of defendant's car inspector. Under the allegations of the petition there can be no recovery unless plaintiff has such right of recovery.

There can be no recovery for the breach of the absolute duty to provide an efficient hand brake prescribed by the Safety Appliance Act. That plaintiff recognizes this appears from the grounds of her motion to remand;

"(1) The petition alleges as a sole ground of recovery the negligence of defendant's car inspectors in failing to mark the car mentioned in the petition so as to show the brake was defective before it was placed upon the hump and this action is brought under title 45, §§ 51 to 59, USCA.

"(2) The plaintiff does not rely upon and no recovery could be had because of the insufficiency or defect of the brake on the car mentioned in the petition, and no recovery could be had because of any alleged claim of a violation of the Safety Appliance Act, title 45, sections 11, 13 and 14, USCA.

"(3) If the petition could be construed as stating a cause of action under the Federal Employers' Liability Act, above mentioned, and the Safety Appliance Act, then said case should be remanded to the state court.

"(4) There is no allegation or allegations in the petition upon which a recovery could be based upon anything other than the negligence of the defendant's car inspectors in failing to so inspect and mark the car mentioned in the petition."

Plaintiff denies that this action arises "under the act of Congress known as the Safety Appliance Act * * * or under any law of the United States except the Federal Employers' Liability Act, title 45, §§ 51 to 59, inclusive." This appears also from the repeated statements in her brief on the motion.

That plaintiff can recover on no other theory than that on which she proceeds in her petition is well settled. In the case of Storm Waterproofing Corp. v. L. Sonneborn Sons (D. C.) 28 F.(2d) 115, 117, it is said: "Moreover, the plaintiff must frame his pleading with reference to some particular theory upon which he bases his right to relief. The pleading cannot be made elastic, so as to bend to changing views of counsel as the cause proceeds. It must proceed to the end upon the theory upon which it is constructed. It must be good on the theory upon which it proceeds, or it will not be sufficient, though it states facts enough to be good on some other theory, for the plaintiff can have no relief on a theory different from that disclosed by his pleading."

The defendant urges that the plaintiff has no right to recover on the ground of such negligence on the part of the defendant's in-

spectors and her sole right of recovery is on the ground of the breach of the absolute duty imposed by the Safety Appliance Act. This is so because the defendant owed no such duty to the decedent. The sole duty which it owed the decedent was the absolute one so imposed. This duty swallowed, as it were, all other duties in relation to the hand brake and its breach and not such negligence was the sole proximate cause of the injury and death complained of. This position would seem to be sound. Had the car been marked as plaintiff claims it should have been it would not have relieved defendant of liability. U. S. v. Southern Ry. Co. (D. C.) 135 F. 122, 123; U. S. v. Chicago, R. I. & P. Ry. Co. (D. C.) 173 F. 684. But that such is the case is no reason for refusing to remand the action to the state court. It is to be taken that the state court will give such effect to the position as it is entitled to. The plaintiff had the right to make her own bed and has the right to lie in it, and should be required to lie in it in the further progress of the action. That, in disposing of the motion to remand, it is the case which the plaintiff has made in the state court and not that which he could or should have made which is the determining consideration, I have had occasion to hold in several recent cases. Woods v. Mass. Protective Ass'n (D. C.) 34 F.(2d) 501; Patrick v. Equitable Life Ins. Soc. (D. C.) 2 F. Supp. 762.

But defendant's position that no recovery can be had under the Federal Employers' Liability Act for a breach of the absolute duty prescribed by the Safety Appliance Act, in which plaintiff acquiesces, is not well taken. Such recovery can be had. That it can has been recognized or held by the Supreme Court of the United States in the following cases, to wit: Southern Ry. Co. v. Crockett, 234 U. S. 725, 34 S. Ct. 897, 58 L. Ed. 1564; San Antonio & A. P. Ry. Co. v. Wagner, 241 U. S. 476, 36 S. Ct. 626, 630, 60 L. Ed. 1110; Spokane, etc., Ry. Co. v. Campbell, 241 U. S. 497, 36 S. Ct. 683, 689, 60 L. Ed. 1125; St. Joseph & Grand Island Ry. Co. v. Moore, 243 U. S. 311, 37 S. Ct. 278, 61 L. Ed. 741; Great Northern Ry. Co. v. Donaldson, 246 U. S. 121, 38 S. Ct. 230, 62 L. Ed. 616, Ann. Cas. 1918C, 581; Chicago Great Western R. Co. v. Schendel, 267 U. S. 287, 45 S. Ct. 303, 69 L. Ed. 614. The ground of the position against such recovery is that the Federal Employers' Liability Act authorizes a recovery for defective or insufficient appliance only where such condition thereof is due to negligence and a violation of the Safety Appliance Act is a breach of an absolute duty and not negligence.

Such is the provision of the act, but a breach of such duty is negligence. In the case of San Antonio & A. P. R. R. Co. v. Wagner, supra, it was said: "It is argued that in actions based upon the employers' liability act the defendant cannot be held liable without evidence of negligence; Seaboard Airline Ry. v. Horton, 233 U. S. 492, 501, 34 S. Ct. 635, 58 L. Ed. 1062, 1068, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475, 8 N. C. C. A. 834, being cited. But in that case, as the opinion shows (page 507 [of 233 U. S., 34 S. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475]), there was no question of a violation of any provision of the safety appliance act; and in what was said (page 501 [of 233 U. S., 34 S. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475]) respecting the necessity of showing negligence, reference was had to causes of action independent of that act. The employers' liability act, as its 4th section very clearly shows, recognizes that rights of action may arise out of the violation of the safety appliance act. As was stated in Texas & P. R. R. Co. v. Rigsby, 241 U. S. 33, 39, 36 S. Ct. 482, 484, 60 L. Ed. 874,— 'A disregard of the command of the statute (safety appliance act) is a wrongful act, and where it results in damage to one of the class for whose especial benefit the statute was enacted, the right to recover the damages from the party in default is implied.' If this act is violated, the question of negligence in the general sense of want of care is immaterial. 241 U. S. 43 [36 S. Ct. 482, 60 L. Ed. 874], and cases there cited. But the two statutes are in pari materia, and where the employers' liability act refers to 'any defect or insufficiency, due to its negligence, in its cars, engines, appliances,' etc., it clearly is the legislative intent to treat a violation of the safety appliance act as 'negligent,'—what is sometimes called negligence per se."

To the same effect is the decision in the Spokane & I. E. R. R. Co. v. Campbell, supra. It was there said: "Upon the whole case, we have no difficulty in sustaining his right of action under the employers' liability act. That act * * * imposes a liability for injury to an employee 'resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, * * * or other equipment.' As was held in San Antonio & A. P. R. Co. v. Wagner, decided June 5, 1916, 241 U. S. 476, 36 S. Ct. 626, 60 L. Ed. 1110, a violation of the safety appliance act is

'negligence' within the meaning of the liability act."

In the case of New York Central R. Co. v. White, 243 U. S. 188, 37 S. Ct. 247, 250, 61 L. Ed. 667, L. R. A. 1917D, 1, Ann. Cas. 1917D, 629, it was said: "The common law bases the employer's liability for injuries to the employee upon the ground of negligence; but negligence is merely the disregard of some duty imposed by law; and the nature and extent of the duty may be modified by legislation, with corresponding change in the test of negligence." It is to be noted that, in the Wagner Case, the court refers to the fact that the Federal Employers' Liability Act in the fourth section recognizes that an action may be brought on it to recover for a violation of the Safety Appliance Act.

The recent decision of the appellate court of the Seventh Circuit in the case of Chesapeake & Ohio Ry. Co. v. Moore, 64 F.(2d) 472, holds, as I construe it, that such recovery cannot be had. This it does upon the reasoning advanced by defendant, that recovery under the Employers' Liability Act can only be had for negligence and a violation of the Safety Appliance Act is not negligence in that it is a breach of an absolute duty. The matter is not put this clearly in the opinion, but I am unable to make out that it means anything else than this. The Wagner Case is referred to in the opinion and dismissed with the statement that it came to the Supreme Court by writ of error from the Supreme Court of Texas (166 S. W. 24). I do not understand the relevance of this consideration unless the point was that there was no question of jurisdiction in that case, whereas in the case in hand there was such question. What there was in this distinction to differentiate the case does not occur to me. The complaint in the case contained two paragraphs; the first being brought under the Federal Employers' Liability Act, and the second under the Kentucky Employers' Liability Act (Ky. St. §§ 820b-1 to 820b-3), patterned after the former act, in which state the injury complained of was received. It was held that no recovery could be had on the second paragraph under the latter act for a violation of the Safety Appliance Act. The grounds of this is not certain. It seems to have been thought that the benefits of the Safety Appliance Act do not extend to intrastate commerce. This was contrary to the decision in the case of Texas & Pacific Ry. Co. v. Rigsby, 241 U. S. 33, 36 S. Ct. 482, 484, 60 L. Ed. 874. That recovery can be had under a state employer's liability act for a violation of the Safety Appliance Act was held in Louisville & Nashville Ry. Co. v. Layton, 243 U. S. 617, 37 S. Ct. 456, 61 L. Ed. 931. That case involved an action on the Employers' Liability Act of Georgia for such a violation.

There is room to think that the position taken by the court was to some extent induced by its thought that an action can be brought under and by virtue of the Safety Appliance Act, thus putting it on the same footing as the Federal Employers' Liability Act and the Kentucky Employers' Liability Act under and by virtue of which an action can be brought. Such is not the case. The Safety Appliance Act confers no right of action on the employee. The only right of action which it confers is on the United States to recover the penalties which it imposes. So far as the employee is concerned all that it does is to impose an absolute duty on the railroad carrier to take certain precautions in the matter of appliances for his safety—this and nothing more. The right of action must be found elsewhere. Were there no Employers' Liability Act, federal or state, it would be found in the common law. As it is, it is to be found in those acts. In the case of Texas & Pac. R. R. Co. v. Rigsby, supra, it was said: "None of the acts, indeed, contains express language conferring a right of action for the death or injury of an employee; but the safety of employees and travelers is their principal object, and the right of private action by an injured employee, even without the employers' liability act, has never been doubted. * * * A disregard of the command of the statute is a wrongful act, and where it results in damage to one of the class for whose especial benefit the statute was enacted, the right to recover the damages from the party in default is implied, according to a doctrine of the common law expressed in 1 Comyn's Dig. title, 'Action upon Statute' (F), in these words: 'So, in every case, where a statute enacts or prohibits a thing for the benefit of a person, he shall have a remedy upon the same statute for the thing enacted for his advantage, or for the recompense of a wrong done to him contrary to the said law.' (Per Holt, Ch. J., Anonymous, 6 Mod. 26, 27.) This is but an application of the maxim, Ubi jus ibi remedium." It is said in this quotation that "the right to recover the damages from the party in default is implied," and following it this is said: "The inference of a private right of action in the present instance is rendered irresistible by the provision of § 8 of the act of 1893 that an employee injured by any car, etc., in use contrary to the act, shall not be deemed to

have assumed the risk, and by the language above cited from the proviso in § 4 of the 1910 act."

These expressions seem to justify the position that the right of action is to some extent dependent on the Safety Appliance Act. It impliedly confers such right on the employee. In the case of Ross v. Schooley (C. C. A.) 257 F. 290, 291, there is an amplification of considerations, justifying such implication. I would submit that an employee's right of action for a breach of a duty imposed by that act is to no extent dependent thereon. It depends solely on the Employers' Liability Acts, or, in their absence, on the common law. What the act may be said to do is to take it for granted that the right of action exists. That such is the true view of the matter would seem to result from the consideration that where the breach of the statutory duty results in death, in jurisdictions where the common law prevails, no action can be brought for such wrongful death in the absence of a statute conferring it. The case of St. Louis, I. M. & S. R. R. Co. v. Taylor, 210 U. S. 281, 28 S. Ct. 616, 52 L. Ed. 1061, was an action brought in one of the state courts of Arkansas to recover damages for the wrongful death of a brakeman caused by a violation of the Safety Appliance Act which occurred in Indian Territory. This was before the enactment of the Federal Employers' Liability Act. There was no wrongful death statute in or applicable to Indian Territory. Recovery was sustained on the ground that in Indian Territory, "contrary to the doctrine of the common law, a right of action for death exists."

In the case of Schlemmer v. Buffalo, R. & P. R. R. Co., 205 U. S. 1, 27 S. Ct. 407, 51 L. Ed. 681; Id., 220 U. S. 590, 31 S. Ct. 561, 55 L. Ed. 596, the right to sue for wrongful death caused by a breach of duty imposed by the Safety Appliance Act was not questioned. This was before the enactment of the Employers' Liability Act and the action must have been brought under the Pennsylvania wrongful death statute.

An action can be brought under and by virtue of the Federal Employers' Liability Act or the Kentucky Employers' Liability Act. Each confers on the employee a right of action. By this is not meant that if it had not been for such acts there would have been no right of action. Such right would have existed at common law. What it conferred was a new and distinct right of action which was made subject to certain provisions therein set forth. Michigan Central R. R. Co. v.

Vreeland, 227 U. S. 59, 33 S. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176. Hence it is that the Safety Appliance Act is not on the same footing as these two Employers' Liability Acts. It confers no right of action. Each of them does. An action cannot be brought under and by virtue of it. An action can be brought under and by virtue of either of them. It is true to say that an action may arise under the Safety Appliance Act or be based upon it, but not that it is brought under and by virtue of it.

The appellate court of the First Circuit [Central Vermont Ry. Co. v. Perry, 10 F. (2d) 132, 134] was troubled somewhat in bringing a violation of the Safety Appliance Act within the Federal Employers' Liability Act, in view of the fact that the latter act authorizes a recovery for negligence only and a violation of the former act is a breach of an absolute duty. It took the word "negligence" in the Federal Employers' Liability Act to mean "the failure to exercise the care of the average prudent man." It solved the difficulty by what it is open to say was judicial legislation. Section 1 of the Federal Employers' Liability Act (45 USCA § 51) provides for liability "for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." It would add thereto, "or due to the violation by such common carrier of any statute enacted for the benefit of employees." There is no reference in the opinion to the Wagner and Campbell Cases. It is likely that the attention of the court was not called to them. Had it taken note of them it is likely that it would have held that the way to solve the difficulty was to enlarge the meaning of the word "negligence" in the Federal Employers' Liability Act from the limited significance which it attached thereto. It means "the disregard of some duty imposed by law." This is broad enough to cover a breach of the absolute duty imposed by statute. The court carried its limited conception of the meaning of the word "negligence" into the matter of pleading. It held that an allegation of negligence in the plaintiff's pleading under the Federal Employers' Liability Act was not broad enough to cover violation of the Safety Appliance Act. It said: "The plaintiff's declaration charged negligence only. The ground on which the case was submitted to the jury was not negligence, but the

breach of a duty or duties claimed to be imposed upon the carrier by the Safety Appliance Act and its supplements. No objection, however, was taken to the declaration on this account, and it may be regarded as amended to conform to the issue tried." It took this same position in the later case of American Sugar Refining Co. v. Nassif (C. C. A.) 45 F.(2d) 321, 323. I would submit that the word "negligence" was broad enough to cover a violation of the Safety Appliance Act. The only trouble with it was its generality. It was such as to be subject to a motion to make more specific.

This case, however, is an authority for the position that recovery can be had on the Federal Employers' Liability Act for a violation of the Safety Appliance Act.

■ It is clear, therefore, that recovery can be had under the Federal Employers' Liability Act for a breach of the duty prescribed by the Safety Appliance Act. Recovery can be had for such breach where no recovery can be had under the Federal Employers' Liability Act. Recovery can be so had where the car was at the time of the injury not being used in or the employee engaged in interstate commerce. Southern Ry. Co. v. U. S., 222 U. S. 20, 27, 32 S. Ct. 2, 56 L. Ed. 72. In such a case no recovery can be had under the Federal Employers' Liability Act. But where the car is being so used and the employee is so engaged, as was the case here, recovery can be had under the Federal Employers' Liability Act for the violation of the Safety Appliance Act.

■ Plaintiff could, therefore, have pitched her case on the violation of the Safety Appliance Act and sought recovery for such violation under the Federal Employers' Liability Act. That the car was being moved to the shop for repairs would not have been against her right to recover. Great Northern R. Co. v. Otos, 239 U. S. 349, 36 S. Ct. 124, 60 L. Ed. 322; Texas & P. R. R. Co. v. Rigsby, 241 U. S. 33, 36 S. Ct. 482, 60 L. Ed. 874.

Had she so done the action would not have been removable because of the prohibition in the Federal Employers' Liability Act. This is an additional reason why defendant's position is not well taken.

The motion to remand is sustained.